**REPUBLIC OF FRANCE v. BELSHIPS CO., LIMITED, SKIBS A/S.**

United States District Court
S. D. New York.
July 20, 1950.

Cleary, Gottlieb, Friendly & Cox, New York City, Fowler Hamilton, New York City, George W. Ball, Washington, D. C., Jerome E. Hyman, New York City, of counsel, for libellant.

Haight, Deming, Gardner, Poor & Havens, New York City, and Pyne, Lynch & Smith, New York City, Charles S. Haight, Anthony V. Lynch, Jr., Gordon W. Paulsen, New York City, of counsel, for respondent.

Leonard J. Matteson, New York City, amicus curiæ.

HOLTZOFF, District Judge (sitting by designation).

This is a suit in admiralty. The libellant served notice of taking depositions of certain named witnesses. The respondent moved to vacate the notice. The motion was denied and the respondent now moves for a reargument.

The question presented is whether local Admiralty Rule 46, governing depositions in admiralty cases, is valid. That rule provides that the taking and use of depositions shall be governed by the Federal Rules of Civil Procedure, 28 U.S.C.A., except that their use shall be limited in the manner expressly provided in the rule. It is urged that this rule is inconsistent with the general Admiralty Rule 46, promulgated by the Supreme Court, 28 U.S.C.A., which provides that "in all trials in admiralty the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute, or agreement of parties".

The general rule, however, regulates only the manner in which the trial shall be conducted. It does not bear on matters preliminary to the trial. Under modern practice, depositions may be taken for purposes of discovery as well as for use at the trial. It necessarily follows, therefore, that by local rule, the District Court may permit the taking of depositions, since their use for discovery does not contravene the general rule. The person taking the depositions is not required to specify the manner in which they are to be used.

It is further urged that the rule is inconsistent with the statute regulating the taking of depositions *de bene esse* for use at the trial (R.S. 863, U. S. Code, old Title 28, sec. 639).[1] This section has not been repealed, Mercado v. U. S., 2 Cir., 1950, 184 F.2d 24, although it has been superseded by the Federal Rules of Civil Procedure as to all civil actions to which those rules apply. The limitations contained in local Rule 46, however, on the use of depositions at the trial are substantially the same as those found in the *de bene esse* statute, with but a single exception: inability of a witness to testify by reason of imprisonment is mentioned in the rule, but not in the statute. The last-mentioned item is obviously not involved in this motion and I express no opinion as to it. The remaining portions of the rule are clearly valid.

Motion denied.

---

1. See Note preceding revised 28 U.S.C.A. § 1781.