ESTATE OF Mary G. DARLING, James S. Darling, Jr., Ann Darling Tormey, Sarah W. Darling, trading as J. S. Darling & Son, and Severn L. Robbins and Ross W. Robbins, as owners of THE Trawler POWHATAN, Libellants,

v.

ATLANTIC CONTRACTING CORPORATION and the Norfolk Dredging Company, Inc., in personam, Respondents.

No. 7824.

United States District Court
E. D. Virginia, Norfolk Division.
May 1, 1957.

Vandeventer, Black & Meredith, Braden Vandeventer, Jr., Norfolk, Va., for libelants.

Jett, Sykes & Howell, R. Arthur Jett, Norfolk, Va., for respondents.

HOFFMAN, District Judge.

Contemporaneously with the filing of the libel herein, libellants caused a notice to take depositions to be served upon counsel for respondents. While the notice does not specify whether the depositions are to be in the nature of discovery or *de bene esse*, proctors for libellants have stated they desired to proceed by way of discovery. In any event the ruling of the Court would be the same.

The ultimate question to be determined is one of priority with respect to taking discovery depositions. Respondents have now served a like notice upon libellants. Assuming that there are no unusual circumstances justifying equitable action by the Court to order otherwise, may a libellant obtain some dubious advantage by causing a notice to be served at the same time the libel is filed?

The right to take discovery in admiralty has been freely recognized in this District. True, it is discretionary with the Court, but such practice has been followed for many years to the end that proctors generally agree upon same and it is only infrequently necessary to enter an order permitting the taking of discovery depositions. The full discussion of Circuit Judge Fee in Dowling v. Isthmian S. S. Corporation, 3 Cir., 184 F.2d 758, establishes the history of discovery in admiralty.

Admiralty Rule 44, 28 U.S.C. A., vests in the District Courts appropriate authority to regulate their practice in admiralty "in such a manner as they deem most expedient for the due administration of justice", provided such local rules are not inconsistent with the Supreme Court Rules or in contravention of any statute. No rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substan·

**580**

tive law. Matters of discovery are the subject of protective orders where a party fears the invasion or destruction of rights of privacy.

■■ The Eastern District of Virginia has promulgated Local Admiralty Rule 24 which reads as follows:

"Any step in admiralty practice and procedure, (including the taking of testimony within the United States or in any foreign country) whether before the court, a master or commissioner, which is not prescribed by statute, by the rules promulgated by the Supreme Court, or in these rules, and left by the admiralty practice to follow the procedure of the common law, in equity or at law, shall be taken, and proceeded with, in the same manner as it would be done under the Federal Rules of Civil Procedure if said Rules were applicable in admiralty."

The intent of this Rule is simply to aid procedure. Molinos v. The Rio Grande, D.C., 129 F.Supp. 25. It is not *per se* binding upon the district court to apply the Federal Rules of Civil Procedure, 28 U.S.C.A., but the intent of these rules may well be considered. There is nothing in Dowling, supra, which precludes the adoption of a local rule effectively incorporating the Federal Rules of Civil Procedure into admiralty practice and procedure, when not in conflict with the Supreme Court Rules or a statute and when consistent with equitable principles. Under 28 U.S.C.A. § 2073, the Supreme Court is authorized by Congress to prescribe, by general rules, the forms, practice and procedure in admiralty and maritime cases in the District Courts, but this statute was not intended to prevent the adoption of local rules not in conflict therewith. Nor does the provision of Rule 81(a) (1) of the Federal Rules of Civil Procedure prevent a district court from using the civil procedure rules as a guide in the exercise of its sound discretion when deemed most expedient for the due administration of justice.

Attention is directed to Rule 26(a) of the Federal Rules of Civil Procedure providing that a plaintiff must obtain leave to take depositions within twenty days from the commencement of said action. As stated in Moore's Federal Practice, Vol. 4, § 26.13, p. 1058, this gives a defendant a slight advantage as his notice of examination may be served at any time after institution of the action, whereas the plaintiff must await the twenty-day period before serving the notice unless an order of court is obtained. The logic of this rule lies in the fact that a defendant should be granted an opportunity to retain counsel and discuss the details of the case before being subjected to oral examination. The same reasoning could be applied to admiralty in the court's discretion.

■ A libellant is not prejudiced by such a ruling. Upon a showing of good cause the court may order oral examination at any reasonable time irrespective of the due date of the answer. The only effect of the court's ruling is that, where there is a *balancing of equities*, a respondent should be entitled to a reasonable opportunity to meet the issues presented by the libel. As Local Admiralty Rule 10 provides for the filing of an answer or exceptions on the tenth day after the return day of the process, or within ten days after the filing of a claim or appearance, unless otherwise extended or restricted by the Court, it seems reasonable to hold that no libellant may cause a notice to take depositions to be served during said period without leave of court.

■ Under the circumstances of this case the Court will grant leave to take discovery depositions upon the request of both parties, but the respondents shall have priority as to the oral examination of the witnesses specified in their notice heretofore served upon proctors for libellant.