MINER ET AL., JUDGES, U. S. DISTRICT
COURT, v. ATLASS.

No. 156. Argued March 3, 1960.—Decided June 20, 1960.

*Harold A. Liebenson* argued the cause for petitioners. With him on the brief were *Edward G. Raszus* and *John E. Harris.*

*Edward B. Hayes* argued the cause and filed a brief for respondent.

MR. JUSTICE HARLAN delivered the opinion of the Court.

Certiorari was granted in this case, 361 U. S. 807, to review the decision of the Court of Appeals holding that a District Court sitting in admiralty lacked power to order the taking of oral depositions for the purpose of discovery only, and that Rule 32 of the Admiralty Rules of the Dis-

trict Court for the Northern District of Illinois, purporting to authorize the taking of such depositions,[1] was invalid for want of authority in the District Court to promulgate it.

The issue arose in the following manner: The respondent filed a petition in admiralty seeking exoneration from or limitation of liability for the death by drowning of two seamen employed on a yacht owned by him. The representatives of the deceased seamen, having appeared as claimants, applied to the District Court for an order granting leave to take the depositions of several named persons, including respondent, for the purpose of discovery only. Respondent opposed the motion on the ground that the court had no power to order the taking of depositions in any case not meeting the conditions of R. S. §§ 863–865, the *de bene esse* statute.[2] After argument, petitioner

---

[1] Local Rule 32 provides that the "taking and use of depositions of parties and witnesses shall be governed by the Federal Rules of Civil Procedure except as otherwise provided by statute and except that their use" is limited as set forth in the rule. Rule 26 (a) of the Civil Rules permits the taking of "the testimony of any person, including a party, by deposition upon oral examination . . . for the purpose of discovery or for use as evidence in the action or for both purposes," subject to limitations as to use of such depositions set forth in Rule 26 (d).

[2] This statute, as amended, 31 Stat. 182, is now applicable only to proceedings in admiralty. See note preceding 28 U. S. C. § 1781. Section 863 permits the taking of the deposition *de bene esse* of a witness in a pending action, in the following circumstances only: ". . . when the witness lives at a greater distance from the place of trial than one hundred miles, or is bound on a voyage to sea, or is about to go out of the United States, or out of the district in which the case is to be tried, and to a greater distance than one hundred miles from the place of trial, before the time of trial, or when he is ancient and infirm. . . ."
The deposition is admissible at trial only in the event of the deponent's death, absence from the country, presence at a distance greater than 100 miles from the place of trial, or inability to travel and appear by reason of age, ill health, or imprisonment. R. S. § 865.

Miner, D. J., granted the claimants' motion, pursuant to local Admiralty Rule 32. Respondent then sought a writ of mandamus or prohibition requiring the vacation of the order of the District Court, and prohibiting Judge Miner, or any other district judge to whom the case might be assigned, from further proceeding under it. A rule to show cause was issued by the Court of Appeals and, after a hearing, the application for extraordinary relief, whose availability in the particular circumstances involved is not challenged before us, was granted. 265 F. 2d 312. For reasons presently to be stated, we have concluded that the Court of Appeals' conclusion was correct, and we affirm its judgment.

Counsel for the claimants, representing the petitioners here, undertake to support the discovery-deposition order on the grounds that: (1) a court of admiralty has inherent power, not dependent on any statute or rule, to order the taking of depositions for the purpose of discovery; (2) Rule 32C of this Court's General Admiralty Rules impliedly empowers a district judge to order the taking of such depositions; (3) Rule 32 of the District Court's Admiralty Rules is a valid exercise of its power to regulate local practice, conferred by Rule 44 of the General Admiralty Rules. We consider each contention in turn.

The reliance on an asserted inherent power is based almost exclusively on the decision of the Court of Appeals for the Third Circuit in *Dowling* v. *Isthmian S. S. Corp.*, 184 F. 2d 758. In an exhaustive discussion, Judge Fee, for that court, expressed the view that the traditionally flexible and adaptable admiralty practice empowers a court to order a party to submit to pretrial oral examination. Whether or not the decision was intended to embrace examinations solely for discovery purposes is not entirely clear. Compare *Standard Steamship Co.* v. *United States,* 126 F. Supp. 583, with *Darling's Estate* v. *Atlantic Contracting Corp.,* 150 F. Supp. 578, 579; 1950

Annual Survey of American Law 523. None of the historical data adduced in the *Dowling* case seems to go beyond the area of testimony for use at the trial. The opinion states no more than that history discloses no overt rejection of the power to order depositions taken for discovery purposes. 184 F. 2d, at 771, n. 36. There is no affirmative indication of the exercise of such a power, if any was thought to exist, and the 1940 edition of Benedict on Admiralty unequivocally asserts that "[a]n admiralty deposition may only be taken for the purpose of securing evidence; it may not be taken for the purpose of discovery." 3 Benedict, Admiralty (Knauth ed.), 34. This statement by a leading work in the field hardly bespeaks the existence of traditional inherent power, and we find none. Cf. *Cary* v. *Curtis*, 3 How. 236, 245.

Neither can we find in this Court's Admiralty Rules warrant for the entry by a district judge of an order of the character granted below. The deposition practice authorized by the Civil Rules does not of its own force provide the authority sought, since those rules are expressly declared inapplicable to proceedings in admiralty. Civil Rule 81 (a)(1). Certain of the Civil Rules were adopted by this Court as part of the Admiralty Rules in the 1939 amendments, 307 U. S. 653. Thus, Civil Rules 33 through 37 were made part of the Admiralty Rules as Rules 31, 32, 32A, 32B, and 32C, respectively.[3] However, the remainder of the Civil Rules in Part V, dealing with "Depositions and Discovery," including Rule 26, the basic authority

---

[3] Civil Rule 33, adopted as Admiralty Rule 31, is entitled, "Interrogatories to Parties"; Civil Rule 34 (Admiralty Rule 32) relates to "Discovery and Production of Documents and Things for Inspection, Copying, or Photographing"; Civil Rule 35 (Admiralty Rule 32A) authorizes "Physical and Mental Examination of Persons"; Civil Rule 36 (Admiralty Rule 32B) governs "Admission of Facts and of Genuineness of Documents"; Civil Rule 37 (Admiralty Rule 32C) deals with "Refusal to Make Discovery: Consequences."

for discovery-deposition practice (see note 1, *ante*), was not adopted. We cannot of course regard this significant omission as inadvertent, cf. 76 A. B. A. Ann. Rep. 565–566; rather, it goes far to establish the lack of any provision for discovery by deposition in the General Admiralty Rules.

However, petitioners contend, and some courts have agreed, that the existence of such a power is to be inferred from Rule 32C, the counterpart of Civil Rule 37, entitled, "Refusal to Make Discovery: Consequences." That rule details the procedures which are to be followed if "a party or other deponent refuses to answer any question propounded upon oral examination . . . ." It has been held that the inclusion of this rule must be taken as the expression of an assumption by the Court that the discovery-deposition practice existed or was to be followed in admiralty, for the reason that "[i]t is inconceivable that the Supreme Court, by means of the elaborate and detailed terms of Rule 32C would have given a suitor in admiralty a method of enforcing a right that did not exist." *Brown* v. *Isthmian S. S. Corp.,* 79 F. Supp. 701, 702 (D. C. E. D. Pa.). In accord with the *Brown* decision are *Bunge Corp.* v. *The Ourania Gournaris,* 1949 A. M. C. 744 (D. C. S. D. N. Y.); *Galperin* v. *United States,* 1949 A. M. C. 1907 (D. C. E. D. N. Y.); *The Ballantrae,* 1949 A. M. C. 1999 (D. C. N. J.).

The dilemma thus suggested—either that we must regard Civil Rule 26 as inadvertently omitted from the Admiralty Rules [4] or that we should consider that part of Civil Rule 37 which refers to oral examinations as inadvertently included—is more seeming than real. The ref-

---

[4] For reasons stated, *ante,* pp. 643–644, we cannot regard the omission as the result of a so well-settled practice of using depositions for discovery in admiralty that codification was thought unnecessary. See *Mulligan* v. *United States,* 87 F. Supp. 79, 80.

erence to "discovery" in the title to Rule 32C can well have been simply to the modes of discovery authorized by those of the Civil Rules which were carried into the Admiralty Rules in the 1939 amendments, see note 3, *ante,* and we think it should so be taken. As to the reference to "oral examination," we are in agreement with the explanation offered by Judge Rifkind in *Mulligan* v. *United States,* 87 F. Supp. 79, 81, that it comprehends only those forms of oral examinations traditionally recognized in admiralty, primarily the deposition *de bene esse* (see note 2, *ante*).[5] By this construction, both actions of this Court—the adoption of Civil Rule 37 and the omission of Civil Rule 26—are given harmonious effect.

Petitioners' third contention is that, although admiralty courts were not given authority by the General Admiralty Rules to order the taking of depositions for discovery purposes, the District Court in the present case acted pursuant to its own local Admiralty Rule 32 (see note 1, *ante*) granting such authority, and that such rule was a valid exercise of power conferred on the District Court by Rule 44 of the General Rules. See *Ludena* v. *The Santa Luisa,* 95 F. Supp. 790 (D. C. S. D. N. Y.) ; *Application of A. Pellegrino & Son,* 11 F. R. D. 209 (D. C. S. D. N. Y.) ; cf. *Republic of France* v. *Belships Co., Ltd.,* 91 F. Supp.

---

[5] Apart from the *de bene esse* procedure, admiralty practice traditionally utilized the Commission *Dedimus Potestatum,* the Deposition *In Perpetuam Rei Memoriae,* and Letters Rogatory. The statutory authority for these procedures, R. S. §§ 866–870, 875, was not repealed until the 1948 codification of the Judicial Code, some years after the 1939 amendments to the Admiralty Rules. For a discussion of them, see 3 Benedict, Admiralty, §§ 397–401.

Judge Rifkind's rejection of the *Brown* decision has been followed by several district judges. See *Kelleher* v. *United States,* 88 F. Supp. 139 (D. C. S. D. N. Y.) ; cf. *Standard Steamship Co.* v. *United States, supra* (D. C. Del.) ; *Gulf Oil Corp.* v. *Alcoa S. S. Co.,* 1949 A. M. C. 1965 (D. C. S. D. N. Y.).

912; *Prudential Steamship Corp.* v. *Curtis Bay Towing Co.*, 20 F. R. D. 356 (D. C. Md.). Rule 44, entitled "Right of trial courts to make rules of practice," provides:

> "In suits in admiralty in all cases not provided for by these rules or by statute, the district courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, *provided the same are not inconsistent with these rules."* (Emphasis added.)

We may assume, without deciding, that, the proviso apart, the affirmative grant of authority contained in Rule 44 is sufficiently broad and unqualified, in light of the traditional liberality and flexibility of admiralty practice, to embrace the "practice" of taking depositions for discovery purposes. Cf. *Galveston Dry Dock & Constr. Co.* v. *Standard Dredging Co.*, 40 F. 2d 442. However, we feel constrained to hold that this particular practice is not consistent with the present General Admiralty Rules and therefore that in this respect local Rule 32 falls within the proviso.[6]

---

[6] We do not find such inconsistency in Admiralty Rule 46, requiring that "the testimony of witnesses . . . be taken orally in open court, except as otherwise provided by statute, or agreement of parties." We regard that provision as having been promulgated with reference to the trial and not the discovery stage of the lawsuit. See *Republic of France* v. *Belships Co., Ltd., supra.*

For much the same reason, we do not deem the challenged rule inconsistent with the *de bene esse* statute, note 2, *ante*. That statute is concerned with the taking of depositions for use at trial, and not for discovery. The limitations on the taking of a deposition are evidently the product of the limitations on use. A discovery-deposition not meeting the conditions of the statute may not be admitted into evidence at the trial, *Mercado* v. *United States,* 184 F. 2d 24 (C. A. 2d Cir.), but where a deposition is not sought to be taken for use at trial, we see no reason to regard the statute as a bar. See *Republic of France* v. *Belships Co., Ltd., supra.*

As we have noted, the determination of this Court in 1939 to promulgate some but not all of the Civil Rules relating to discovery must be taken as an advertent declination of the opportunity to institute the discovery-deposition procedure of Civil Rule 26 (a) throughout courts of admiralty. It may be, see 76 A. B. A. Ann. Rep. 565–566,[7] that one reason for this failure was the belief that this Court could not take over into Admiralty in its entirety Civil Rule 26. The Enabling Act did not then, R. S. § 913, although it does now, 28 U. S. C. § 2073, authorize the Court to supersede statutes, and the limitations of the *de bene esse* statute would therefore have overridden Civil Rule 26 (d) to the extent the statute was more restrictive. Nevertheless it does seem clear that the part of Civil Rule 26 with which we are now concerned could have been promulgated in admiralty, cf. note 6, *ante*. But for whatever reason, no action was taken.

It is of course true that the failure to adopt Civil Rule 26 implies no more than that this Court did not wish to *impose* the practice on the District Courts, and does not necessarily bespeak an intention to foreclose each District Court from exercising a "local option" under Rule 44. We do not deny the logic of this contention; neither do we hold that whenever the General Admiralty Rules deal with part, but not all, of a subject, those practices left unprovided for by the General Rules may not in any circumstances be dealt with by the District Courts under General Rule 44. Unlike many state practice statutes, this Court's rules of admiralty practice for the District Courts are not comprehensive codes regulating every detail of practice, and we would be slow to hold that the interstices may not be the subject of appropriate local regulation. For example, rules fixing the time for doing

---

[7] The Bar Association Report, in referring to "Chief Justice Stone," is in error. The Chief Justice in 1939 was Charles Evans Hughes.

certain acts are of the essence of orderly procedure. So long as the time set be not unreasonable, it is less important what the limit be than that there be a rule whereby some timetable may be known to the profession. Thus, the failure of the General Admiralty Rules to prescribe a time within which motions for rehearing may be filed should not bar a District Court from fixing such a time limit. See *Papanikolaou* v. *Atlantic Freighters,* 232 F. 2d 663, 665. Similarly, the General Admiralty Rules provide no answer to the question whether one sued for a certain sum, who contests his liability for but a portion of that sum, may be required to suffer a judgment for the remainder prior to trial on the contested portion, and there is no compelling reason why that lack should be held to prevent a District Court from supplying an answer by local rule. See *Galveston Dry Dock & Constr. Co.* v. *Standard Dredging Co., supra.*

We deal here only with the procedure before us, and our decision is based on its particular nature and history. Discovery by deposition is at once more weighty and more complex a matter than either of the examples just discussed or others that might come to mind. Its introduction into federal procedure was one of the major achievements of the Civil Rules, and has been described by this Court as "one of the most significant innovations" of the rules. *Hickman* v. *Taylor,* 329 U. S. 495, 500. Moreover, the choice of procedures adopted to govern various specific problems arising under the system was in some instances hardly less significant than the initial decision to have such a system. It should be obvious that we are not here dealing either with a bare choice between an affirmative or a negative answer to a narrow question, or even less with the necessary choice of a rule to deal with a problem which must have an answer, but need not have any particular one. Rather, the matter is one which,

though concededly "procedural," may be of as great importance to litigants as many a "substantive" doctrine, and which arises in a field of federal jurisdiction where nationwide uniformity has traditionally always been highly esteemed.

The problem then is one which peculiarly calls for exacting observance of the statutory procedures surrounding the rule-making powers of the Court, see 28 U. S. C. § 331 (advisory function of Judicial Conference), 28 U. S. C. § 2073 (prior report of proposed rule to Congress), designed to insure that basic procedural innovations shall be introduced only after mature consideration of informed opinion from all relevant quarters, with all the opportunities for comprehensive and integrated treatment which such consideration affords. Having already concluded that the discovery-deposition procedure is not authorized by the General Admiralty Rules themselves, we should hesitate to construe General Rule 44 as permitting a change so basic as this to be effectuated through the local rule-making power, especially when that course was never reported to Congress [8] as would now be required under 28 U. S. C. § 2073.

We are strongly reinforced in our conclusion by the post-1939 history of the question of adoption of discovery-deposition rules in the General Admiralty Rules. In the 1948 revision of the Judicial Code this Court was given the power to supersede statutes, which it lacked in 1939. In 1951 a joint committee representing several leading bar associations proposed the adoption of a rule permitting the taking of the deposition of a *party* for discovery purposes. See 76 A. B. A. Ann. Rep. 181; Maritime Law Assn., Doc. No. 348 (Sept. 1951). No action was taken.

---

[8] R. S. § 913, the predecessor source of this Court's authority to promulgate admiralty rules, in effect when Rule 44 was adopted, did not, as does 28 U. S. C. § 2073, require the prior reporting of such rules to Congress.

In 1953 it was recommended that Rule 26 (a) be made applicable to proceedings in admiralty, with two minor modifications; this would of course have permitted discovery by deposition of witnesses as well as parties. Maritime Law Assn., Doc. No. 369 (Apr. 1953). Again no action was taken. We do not think this failure to enact the proposed amendments can be explained away by suggesting that the widespread local adoption of rules similar to the local rule now before us[9] was thought to render amendment of the General Rules unnecessary, for local rules, by virtue of the inability of the District Courts to supersede statutes, cannot deal with the matter of the taking and use of depositions as an integrated whole. See *Mercado* v. *United States,* 184 F. 2d 24 (C. A. 2d Cir.).

It hardly need be added that our decision here in no way implies any view as to the desirability or undesirability of having a discovery-deposition procedure in admiralty cases. Those who advise the Court with respect to the exercise of its rule-making powers—more particularly of course the Judicial Conference of the United States (28 U. S. C. § 331) and the newly created Advisory Committee on the General Admiralty Rules, which it is to be hoped will give the matter their early attention—are left wholly free to approach the question of amendment of the discovery provisions of the rules in the light of whatever considerations seem relevant to them, including of course the experience gained by the District Courts which have had rules similar to the Local Rule here challenged. Nor would anything we have said prevent those bodies from recommending that the matter of discovery-depositions be left to local rule making. All we decide in the exist-

---

[9] See, *e. g.,* Southern District of New York, Admiralty Rule 32; Southern and Northern Districts of Florida, Admiralty Rule 24; Northern District of California, Admiralty Rule 13. See also *Darling's Estate* v. *Atlantic Contracting Corp., supra* (D. C. E. D. Va.); *Brown* v. *Isthmian S. S. Corp., supra* (D. C. E. D. Pa.).

ing posture of affairs is that the matter of discovery-depositions is not presently provided for in the General Admiralty Rules or encompassed within the local rule-making power under General Rule 44.

*Affirmed.*

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE STEWART join, dissenting.

The Court today strikes down a local admiralty rule which has counterparts in District Courts throughout the country. In fact, the statistics of the most recent fiscal year in the experience of the federal courts indicate that over half the admiralty litigation in the federal courts is conducted in courts having discovery-deposition rules like the one today nullified.[1]  I cannot agree to a judgment

---

[1] In the fiscal year ending June 30, 1959, over half the private admiralty actions filed in the District Courts were brought in districts having rules similar to the one in question here. Local admiralty rules expressly providing for the taking of depositions of witnesses (including nonparty witnesses) in accord with the Civil Rules have been adopted in the Southern District of New York (Admiralty Rule 32); the Northern District of New York (Admiralty Rule 32); the Southern and Northern Districts of Florida (joint Admiralty Rule 24); the Northern District of California (Admiralty Rule 13); and the Western District of Washington (Admiralty Rules 25 and 25A), besides the Northern District of Illinois. In the fiscal year referred to, these districts were responsible for 1,743 of the 3,424 private admiralty actions filed in the District Courts, or 50.9%.

In addition, there are two districts where there is a catchall local admiralty rule making the Federal Rules of Civil Procedure applicable to situations not otherwise provided for. In one of these districts, the local rule is interpreted as allowing discovery depositions. Eastern District of Virginia, Admiralty Rule 24; *Darling's Estate* v. *Atlantic Contracting Corp.*, 150 F. Supp. 578, 580. In the other, the rule was apparently promulgated in response to a suggestion by the chief district judge that a local rule on depositions be proposed by a committee for promulgation by the court. *Prudential S. S. Corp.* v. *Curtis Bay Towing Co.*, 20 F. R. D. 356, 357

which lightly brings about so widespread a turning back of the clock in the admiralty practice throughout the Nation.

I agree with the Court that the first and second contentions of the petitioners, on which reliance is put that the judgment should be reversed, are not well taken;[2] but I must dissent from the Court's rejection of the third, and truly substantial, contention of petitioners. This is that the order for discovery depositions made here was sanctioned by the District Court's local Admiralty Rule 32 and that that rule is a valid exercise of the District Court's rulemaking power. There is no doubt that the order in

(decided May 9, 1957); District of Maryland, Admiralty Rule 46, promulgated May 9, 1958. These two districts accounted for 170 or 5% of the private admiralty cases filed during the year in question. This with the category of districts just discussed indicates that 55.9% of the private admiralty cases were prosecuted in districts where there existed a local rule making the Civil Rules procedure for discovery deposition available.

In addition, several districts have admiralty rules providing for broadened deposition practice in regard to adverse parties. Eastern District of New York, Admiralty Rule 32; Eastern District of North Carolina, Admiralty Rule 30; Western District of Louisiana, Admiralty Rule 30; Northern District of Ohio, Admiralty Rule 38. In the year in question, these districts accounted for 116 cases filed, or 3.4%.

In other districts, the need for a local rule may have been thought to be obviated by a ruling that General Admiralty Rule 32C implicitly made broadened discovery available, see *The Ballantrae,* 1949 A. M. C. 1999 (D. C. N. J.); *Brown* v. *Isthmian S. S. Corp.,* 79 F. Supp. 701 (D. C. E. D. Pa.), or by a decision indicating that the practice was available without rule of court, see *Dowling* v. *Isthmian S. S. Corp.,* 184 F. 2d 758 (C. A. 3d Cir.).

For the statistics as to private admiralty cases filed, see Annual Report of the Director of the Administrative Office of the United States Courts for the Fiscal Year ending June 30, 1959, Table C3. Government admiralty cases are not separately listed as such.

[2] These contentions are first, that admiralty courts have inherent power to order such depositions, and second, that this power is conferred by General Admiralty Rule 32C.

question was authorized by the local rule; and so the only question is of the rule's validity. The question is one of power; and to me the Court's opinion fails completely to demonstrate a lack of power to promulgate the rule in question in this District Court and the many District Courts having a very substantial admiralty business which have adopted similar rules. The local rule was promulgated under authority of this Court's General Admiralty Rule 44, which provides:

> "Rule 44. Right of trial courts to make rules of practice.
>
> "In suits in admiralty in all cases not provided for by these rules or by statute, the district courts are to regulate their practice in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules."

The authority established by General Admiralty Rule 44, under this Court's statutory powers, is separate in form and different in expression from the general statutory authority of the District Courts, with the other federal courts, to make "rules for the conduct of their business." 28 U. S. C. § 2071.[3] Whatever the precise content of § 2071, I think as a separate authority General Admiralty Rule 44 must be read separately as a grant

---

[3] Before the codification of 1948, the statutory predecessors of 28 U. S. C. § 2071 themselves were more clear in providing for some practice rulemaking power in the trial courts. See R. S. § 918, and its somewhat differently worded predecessor, § 7 of the Act of March 2, 1793, 1 Stat. 335. See also R. S. § 913, derived from the early Process Acts. But as early as the First General Admiralty Rules of 1844, this Court had provided for subsidiary rulemaking power by the District Courts, in terms fairly similar to those of the present General Admiralty Rule 44. See General Admiralty Rule 46 of 1844, 3 How. XIII.

of power to the District Courts to make admiralty rules of procedure effective as to actions within them, subject only to the limitations specified in the rule or otherwise implicit in law. This seems to be the obvious meaning of the rule, and it should be taken at its face value. See *Papanikolaou* v. *Atlantic Freighters, Ltd.*, 232 F. 2d 663, 665; *Galveston Dry Dock & Construction Co.* v. *Standard Dredging Co.*, 40 F. 2d 442, 444.[4] Cf. *British Transport Commission* v. *United States*, 354 U. S. 129, 138. Civil Rule 83 is quite similar in concept, and appears to be given a comparable interpretation. *Russell* v. *Cunningham*, 233 F. 2d 806, 811; 7 Moore, Federal Practice (2d ed.), ¶ 83.03. Cf. *United States* v. *Hvass*, 355 U. S. 570, 575.

Clearly a rule providing for discovery by way of deposition practice is one regulating procedure. See *Sibbach* v. *Wilson & Co.*, 312 U. S. 1. The Court does not venture to deny this. Of course this procedural rule may be as important as many a "substantive" doctrine, but there is nothing in General Rule 44 confining the local rulemaking power to exercises in the trivial. Hence the District Court rule is prima facie valid (as the Court apparently admits), and we must examine whether it is invalidated by reason of conflict with some rule promulgated by this Court, or some statute. No statute precludes the local

---

[4] In the last-cited case, Judge Learned Hand went so far as to say of a District Court rule promulgated under the authority of R. S. § 918 and General Admiralty Rule 44, that it was "the result of the exercise of a power to legislate, delegated by Congress, though circumscribed by the statute which gives it, and by anything contained in the general laws, or the Supreme Court rules, as the statute itself declares. Within these limits the District Court may disregard existing practice as freely as Congress itself; its action has the force of law . . . and we are as much bound to observe it as a statute." 40 F. 2d, at 444.

rule;[5] but the court holds that it is precluded by some of this Court's General Admiralty Rules. The Court gingerly draws some support from the circumstance that the amendatory Admiralty Rules promulgated by this Court in 1939—General Admiralty Rules 31 through 32C—incorporated some of the Civil Rules' discovery devices but not others. On this basis it is concluded that the District Courts are precluded from adopting local rules that estab-

---

[5] The Court rightly rejects the contention that the *de bene esse* act itself, R. S. §§ 863–865, operates through negative implication to prevent the promulgation by a District Court of any other deposition rule, and hence makes this local rule fall as violative of a statute. General Admiralty Rule 44 does not purport to invest District Courts with this Court's current power to supersede statutes under the Admiralty Rules Enabling Act, 28 U. S. C. § 2073. But there is no inconsistency between the *de bene esse* act and the local rule. The act provides a method for the introduction of depositions into evidence; the local rule regulates their taking for discovery. The local rule contains a provision designed to subject the admissibility into evidence of depositions taken under it to the provisions of the act. It is said that the *Fisk* and *Tooth Crown* cases, *Ex parte Fisk*, 113 U. S. 713; *Hanks Dental Assn.* v. *International Tooth Crown Co.*, 194 U. S. 303, implied that the *de bene esse* act, and the other statutes regulating the taking of depositions for use as testimony, then on the books (see note 6, *infra*), amounted to an implicit exclusion of all other means of examination, for discovery purposes, or otherwise. These cases were based primarily on the provisions of R. S. § 861 for the taking of testimony in open court (see note 12, *infra*); but even if they were based in part on negative inferences from the deposition acts, they have not been honored as authorities in admiralty. For this Court's 1939 amendatory General Admiralty Rules, dealing extensively with discovery, were promulgated at a time when all these statutes were on the books, and when this Court's rulemaking powers in admiralty did not extend to the power to supersede statutes. It has been recognized in the admiralty jurisprudence here, accordingly, that the various statutory provisions referred to in *Fisk* and *Tooth Crown* are to be taken as relating only to the introduction of proof at trial, and not to discovery practice. Accordingly there is no barrier in those cases, or in the *de bene esse* act, to the local rule here involved.

lish in admiralty the Civil Rules discovery devices not adopted in the General Admiralty Rules—such as Civil Rule 26.[6] But certainly this negative inference does not follow. This Court's promulgation of General Admiralty Rules 31 through 32C made the observance of those rules, counterparts of Civil Rules as they were, mandatory on the District Courts. As to those Civil Rules dealing with discovery and pretrial practice that were not adopted by General Admiralty Rules, the inference is obvious that they were not made mandatory upon the District Courts; but it does not follow that the District Courts' power under General Admiralty Rule 44 in regard to local rules was lessened. This Court decided that the rules it pro-

---

[6] Of course, in 1939 this Court had no authority to promulgate in admiralty that part of Civil Rule 26 which provides for the reception of depositions in evidence, to the extent that it was inconsistent with the *de bene esse* act and such other statutes as R. S. §§ 866–870, 875, providing for various means of taking evidence other than in open court. See 3 Benedict, Admiralty (6th ed. 1940), §§ 397–401. All these statutes except the *de bene esse* act were repealed in the 1948 codification of the Judicial Code. 62 Stat. 993. This inability was due to the fact that until the 1948 revision of the Judicial Code, 28 U. S. C. § 2073, this Court's Admiralty Rules Enabling Act did not contain a power to supersede statutes. R. S. § 917. See also R. S. §§ 862 and 913. Civil Rule 26 contains provisions for the reception of depositions as evidence different from those of the *de bene esse* act. Hence it could not have been promulgated in terms in admiralty then, only in a form like the local rule here which avoids conflict with the statute. See note 5, *supra;* cf. *Mercado* v. *United States,* 184 F. 2d 24.

There is some evidence that it was the inability of this Court under the then-existing Admiralty Rules Enabling Act to promulgate Civil Rule 26 *in toto* in admiralty which resulted in no action at all being taken on the subject. See Report of the Standing Committee on Admiralty and Maritime Law, American Bar Association, in 76 Ann. Rep. A. B. A. (1951), pp. 565–566. The 1939 General Admiralty Rules amendments were made without report from an advisory committee, and no rule was promulgated which was not a copy of one of the new Civil Rules.

mulgated in the discovery area were enough for the time being *as General Admiralty Rules;* but there is not a word in the rules that inhibits the District Courts from going further if they desire. The test of General Rule 44 is simply whether the local rules are "not inconsistent" with the general. There is not a word in the General Rules indicating that their discovery devices shall constitute the only ones permissible.[7] How then does the Court come to a contrary conclusion?

The Court's basic reason, it appears, why this local rule is to be held void under the negative implications of the 1939 amendments to the General Admiralty Rules, is that it was not promulgated with the safeguards provided for in the current General Admiralty Rules Enabling Act. 28 U. S. C. § 2073; see also 28 U. S. C. § 331 (advisory function of Judicial Conference). There are many answers to this contention. Perhaps the most basic is that these safeguards are relevant only to General Admiralty Rules—rules which are promulgated by this Court, and whose observance is mandatory in admiralty throughout the country. The statutes that ordain those safeguards do not require them of local rules; and this reflects the difference in Congress' approach between rulemaking carried on on a local basis, and General Rule-making, which ends all forms of local innovations and prescribes a rule for the whole country.[8] If the District Court for

---

[7] Not only might a local rule on discovery depositions serve as a supplement to the General Rules on discovery, but to the pretrial conference practice. See General Admiralty Rule 44½, added 316 U. S. 716. Cf. *Dowling* v. *Isthmian S. S. Corp.*, 184 F. 2d 758, 773.

[8] It should be noted that a similar authority to that of General Admiralty Rule 44 is vested in the District Courts by Civil Rule 83, empowering the District Courts to make local rules of civil procedure. No submission of these local rules to Congress is contemplated by this Court's Rules. No power to supersede statutes is delegated by either the General Admiralty Rule or the Civil Rule. It might be noted that generally (but cf. 28 U. S. C. § 2074) only where this

the Northern District of Illinois had attempted to promulgate a rule for the whole country, the Court's observations would have some point.

Furthermore, one of the protective provisions—the provision for Judicial Conference advice (which is not mandatory even on this Court, incidentally)—was not even in effect as to General Rules at the time this local rule was adopted.[9] And the General Admiralty Rules additions of 1939, which introduced sweeping liberalizations of

power is given, has Congress provided for a procedure whereby new rules are reported to it and laid on the table before it. See the original Civil Rules Enabling Act, the Act of June 19, 1934, c. 651, 48 Stat. 1064, and its present form, 28 U. S. C. § 2072, and the current Admiralty Rules Enabling Act, 28 U. S. C. § 2073. Contrast the old civil rulemaking authority in the lower courts, R. S. § 918, and the old Admiralty Rules Enabling Act, R. S. § 917, together with R. S. §§ 862 and 913. These provisions did not empower the courts to supersede pre-existing statutes (although § 917's predecessor may have been itself an implicit repealer of certain statutes, see note 12, *infra*) ; and they provided for no procedure whereby the rules would be laid before Congress.

Of course, under the modern Acts, all new General Admiralty and Civil Rules promulgated here must be laid before Congress, not simply those which supersede statutes; but the point is that the limited rulemaking power delegated here to the District Court, since it does not contemplate the supercession of statutes, is foreign to the procedural safeguards which the Court today finds indispensable to its exercise. The point is that a narrow power, particularly in lower courts, to make procedural rules of a nature (like this one) not inconsistent with statutory law, has not generally been deemed by Congress to require the safeguards the Court today requires, and which the local rulemaking power cannot provide.

[9] This provision was added to § 331 of the Judicial Code by the Act of July 11, 1958, 72 Stat. 356. The local rule in question was in effect in 1955. See 5A Benedict, Admiralty (7th ed. 1959), p. 833. Of course this is not relevant to the efficacy of a local admiralty rule, since even today local rules are not covered by § 331; but it is interesting to note that the provisions of § 331 that the Court treats as relevant here would not even have been applicable to a General Rule promulgated at the time this local rule was.

discovery practice, and which the Court finds preclusive of this supplementary local rule, were promulgated with none of these safeguards—with no advisory report at all, and with no submission to Congress. Yet there is no doubt as to their validity. The reason of course is that there was no statutory requirement for the use of these procedures; the Court had the power to promulgate these rules without them. And unquestionably in 1939 this Court could have promulgated a General Rule in the terms of the local rule here.[10] By the same token, so did the District Court, under General Admiralty Rule 44, which stood side-by-side with the 1939 amendments, have the power to make this local rule without reference to Congress; there was no statute requiring it to make such a reference and in fact no procedure by which the reference could have been made. The local rule may be one providing for a "basic" change in procedure, but it is still a local rule; it was validly authorized by General Admiralty Rule 44 to be promulgated, as local rules may be promulgated, without reference to Congress; and I think we break faith with the District Courts when we give them a power which we later declare to be a mirage.

The court finds support for its position from the fact that this Court has never promulgated a General Rule for deposition-discovery since 1948, when it received the power to supersede statutes in the exercise of its General Admiralty Rule-making power. To be sure, Civil Rule 26 then could have been promulgated in admiralty by this Court (as it could not have been before, *in toto*). But the

---

[10] There is some suggestion in the Court's opinion that General Admiralty Rule 44 itself should be narrowly construed because it was not reported to Congress. But that procedure was not required at the time it was promulgated; and in promulgating it, there is no evidence to show that this Court did not exercise the plenitude of its rulemaking powers under the then-existing statutes. See note 6, *supra*.

local rule, which does not contain any provision contrary to existing statutes,[11] was not dependent on any such power. It did not require the exercise of a power reserved exclusively to this Court. And the failure of this Court to promulgate a General Rule in the post-1948 era hardly reflects on the validity of the local rules. Perhaps this Court thought that the time was not ripe for a General Rule; that the problem for a while was best approached through local experimentation. Certainly there does not have to be evidence that the Court thought the local rules made the promulgation of a General Rule "unnecessary," as the Court today intimates. For the local rule to be valid, it is enough that it have been promulgated within the scope of the District Court's authority. It is not a prerequisite on the validity of a local rule that it make General Rules unnecessary. Obviously this is one of the intrinsic differences between a local rule and a General Rule.[12]

---

[11] See note 5, *supra*.

[12] The Court rightly rejects the argument that the local rule is in conflict with General Admiralty Rule 46, which requires that "the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute, or agreement of parties." Old cases here have held discovery-deposition practice at law inconsistent with comparable provisions, *Ex parte Fisk*, 113 U. S. 713; *Hanks Dental Assn.* v. *International Tooth Crown Co.*, 194 U. S. 303; but these cases hardly offer guides to our decision under the present General Admiralty Rules. The primary basis of these decisions, rendered in 1885 and 1904, was that discovery depositions were thought to be inconsistent with the then-existing statute, applicable at law, providing that all testimony be given orally in open court except as otherwise statutorily provided. R. S. § 861. See *Hanks Dental Assn.* v. *International Tooth Crown Co., supra,* at 308. Modern practice has come to see the making of testimonial proof and the taking of discovery depositions as quite separate matters. There would seem no reason why a limitation on the former should affect the latter. See *Republic of France* v. *Belships Co.*, 91 F. Supp. 912, 913. And the provisions for the taking of testimony in open court found in General Admiralty

The Court's holding stops up one of the most plentiful sources of reform and revision of the General Admiralty Rules; a source very relevant to revision of the discovery rules. In developing the Civil Discovery Rules, there was a great body of state court experience with dis-

Rule 46 comes with an entirely different history from that of the statutory provision applicable at law. The first statutory provision on the subject, § 30 of the First Judiciary Act of 1789, c. 20, 1 Stat. 88, applied to all actions, admiralty, law and equity alike; but in the revision of 1874, the provision was restricted to actions at law, R. S. § 861, and admiralty and equity proofs were left to this Court's rules. R. S. § 862. This may, in fact, have been the state of the law even before the 1874 revision. The note to R. S. § 862 derives the provision entirely from § 6 of the Act of August 23, 1842, c. 188, 5 Stat. 518, which was the first Admiralty Rules Enabling Act. The 1842 Act contained no explicit repealer of the application in admiralty of § 30 of the First Judiciary Act, but evidently at the time of the revision the view was taken that the rulemaking authority (which in its 1842 form, as opposed to its form in the revision, R. S. §§ 862, 917, was not made expressly subject to pre-existing statutes) had superseded in admiralty the requirement of § 30 of the First Judiciary Act.

This Court's General Admiralty Rules of 1844, which subject to individual amendments remained in effect till the revision of 1921, never contained any provision comparable to R. S. § 861, or to the present General Admiralty Rule 46. (See Hughes, Admiralty (2d ed. 1920), p. 511 *et seq.*, for the form of the 1844 Rules as they stood immediately before the 1921 revision.) General Rule 46 was introduced in the 1921 General Admiralty Rules revision; but side-by-side with it were promulgated two rules, General Admiralty Rules 31 and 32, 254 U. S., at 692–693, which touched on the subject of discovery; and when the extensive 1939 discovery supplements to the rules were promulgated, it was not thought necessary to make any alteration in General Admiralty Rule 46. Accordingly, since discovery rules have stood side-by-side with Rule 46, without explicit exception or cross-reference in it, it should not be treated as carrying the same gloss as R. S. § 861 was held to have, particularly since the interpretation of such a provision as inhibiting discovery rather than simply regulating the introduction of proof at trial is a very strained one.

covery depositions on which to draw, and Civil Rule 26's formulators drew upon it. See 4 Moore, Federal Practice (2d ed.), ¶ 26.01. If there is consideration whether Civil Rule 26, or a comparable provision, should be promulgated as a General Admiralty Rule, the question will occur whether the discovery deposition procedure is suitable to the particular problems of the admiralty court. State court and Federal Civil Rules experience may arguably not be of great value here. For example, there has been opposition to a general rule making the Civil Rules applicable in admiralty to cases unprovided for in the other Admiralty Rules by those who argue that the problems of admiralty are so unique that the Civil Rules will fit badly. See Report of the Standing Committee on Admiralty and Maritime Law, American Bar Association, in 76 Ann. Rep. A. B. A. (1951), pp. 182–183. It would appear difficult either to evaluate the correctness of this attitude, or to investigate which civil rules would work well in admiralty, without some District Court experience in applying them. If it is being held that, every time this Court's General Admiralty Rules deal with a general subject, all parts of the subject, though untouched by the General Rules, become insulated from further rulemaking by the District Courts, the most fruitful source, and perhaps the only valid source, of experience as to further revision of the General Admiralty Rules would be choked off—the experience of the various District Courts under their local admiralty rules. We should be loath to draw any negative inference from our rules that would produce such a result.

We are not apprised how broad the principle of implicit preclusion the Court today establishes may be. It would be pure speculation to attempt to enumerate the local rules which might be struck down on the basis of it because they deal with an important subject matter and there are General Rules which move in the same area as they

do. The result is a cloud of uncertain proportions on the local rules.

Obviously the Court is greatly influenced by the fact that any local admiralty oral deposition rule must to some extent be a piecemeal effort, because even if discovery can be provided for by local deposition rule, the local rule cannot change the provisions of the *de bene esse* act regulating admissibility into evidence. So *Mercado* v. *United States,* 184 F. 2d 24, holds, and there is no gainsaying its correctness.[13] Thus the District Courts themselves cannot give the whole subject of depositions the integrated treatment that the Civil Rules give it, or that an admiralty deposition rule from this Court, with its post-1948 power to supersede statutes, could give it. There is force to this point, but its force is not against the validity of the local rule. I do not see how it affects the power of the District Courts, under General Admiralty Rule 44, to deal with the matter as far as they can. It may have considerable force in indicating that this Court, and those who advise it in this regard,[14] should be more careful to examine whether a general rule should be promulgated. But the question here is one of the District Court's power, and to me that seems unimpaired, so long as it is confined to the use of the deposition for discovery.[15]

---

[13] Cf. notes 5 and 6, *supra.*

[14] The Judicial Conference has responsibilities in this area, as has been developed, see 28 U. S. C. § 331; *United States* v. *Isthmian S. S. Co.,* 359 U. S. 314, 323–324; and an Advisory Committee to this Court on the General Admiralty Rules has recently been formed.

[15] The local rule in question here, with an exception for use as impeachment or contradiction of the deponent when he has testified, makes admissibility in evidence depend generally upon the fulfillment of the conditions specified in R. S. § 865. It does not provide for admissibility in the circumstances set forth in Civil Rule 26 (d) (3), items 4 and 5, which present occasions for admission not having counterparts in the *de bene esse* act.

However well-motivated may be the basis on which the Court today strikes down this rule and the many, many local rules like it, I cannot conclude that its action has any basis in law. It may well be desirable that this Court promulgate a General Rule in the premises, and certainly, informed with this Court's power to supersede statutes, such a rule might provide a better approach to the problem than the local rules can provide. And the area may be one that particularly lends itself to uniform regulation. But if that is so, the answer is for this Court to promulgate such a rule, not to strike down local rules which, within their territorial and statutory limitations, provide some sort of solution for the problem in the interim. This Court has granted local rulemaking power to the District Courts through General Admiralty Rule 44 and Civil Rule 83; and I submit we should not seek to escape the plain consequences of such a grant of power whenever we believe that it has been exercised in an area where we think we could do better. When we do act on admiralty discovery depositions through a General Rule, the local rules will be superseded; and that will be time enough.

The Court's action nullifies these many local admiralty discovery-deposition rules, and casts an uncertain cloud over other local admiralty and civil rules. It creates an unfortunate hiatus in the development of discovery in admiralty by postponing the further collection of practical experience on the matter until a General Rule can be produced. I can see no legal reason why the exercise of the District Court's rulemaking powers should not be permitted to go forward, and accordingly I dissent from the judgment affirming the Court of Appeals' issuance of the extraordinary writs.