**SOCONY MOBIL OIL COMPANY, Inc.,**
Libelant,

v.

**THE S.S. PACIFIC TIDE, THE S.S. PACIFIC CARRIER, THE S.S. PACIFIC OCEAN, THE S.S. WESTPORT, THE S.S. PACIFIC CONQUEROR, THE S.S. IGOR, THE S.S. PACIFIC PIONEER, THE S.S. WALDO, THE S.S. PACIFIC RANGER, THE S.S. PACIFIC CHALLENGER, THE S.S. PACIFIC VENTURE, THE S.S. PACIFIC WAVE, THE S.S. PACIFIC EXPLORER, THE S.S. PACIFIC NAVIGATOR, THE S.S. PACIFIC STAR and World Carriers, Inc., World Tramping Agencies, Inc., Transportation Utilities, Inc., Pacific Conqueror Corp., Nomikos (London) Limited, Pelops Maritime Co., Ltd., Pacific Pioneer Trading Corp., Walter A. De Lappe Co., Inc., Sea Liberties, Inc., Pacific Challenger Corp., Grauds Shipping Co., Ltd., Pegor Steamship Corp., Pacific Explorer Corp., Zilkha Corp., Pacific Navigator Corp., Compass Steamship Corp., Overseas Investors, Inc., Respondents.**

United States District Court
S. D. New York.
Dec. 14, 1960.

John W. Knox, William J. Tillinghast, Jr., New York City, for libelant.

Cadwalader, Wickersham & Taft, New York City, for respondent Overseas Investors, Inc.

Healy, Baillie & Burke, New York City, for respondent The S.S. Pacific Ranger.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for respondents World Carriers, Inc., World Tramping Agencies, Inc., Pacific Pioneer Trading Corp., Pegor S.S. Corp. and Compass S.S. Corp.

DIMOCK, District Judge.

This motion seeks a summary judgment in an admiralty case. The Sydfold, 2 Cir., 86 F.2d 611, 613, settled for this Circuit the proposition that, in the absence of an Admiralty Rule sanctioning it, there can be no summary judgment in admiralty. This conclusion is reenforced by the decision of the Supreme Court in Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462. There the Court, 363 U.S. on pages 644–645, 80 S.Ct. on pages 1302–1303, in reaching the conclusion that deposition practice, other than that expressly provided for by statute, was not permissible in admiralty, supported its conclusion by calling attention to the fact that, in 1939, after the adoption of the Federal Rules of Civil Procedure in 1938, the Admiralty Rules of 1920 had been amended, 307 U.S. 653, 59 S.Ct. cixxii, to adopt certain of the Federal Rules of Civil Procedure dealing with discovery and that the Federal Rules of Civil Procedure relating to deposition practice were not among those adopted. Here, similarly, the Federal Rules of Civil Procedure contained Rule 56 providing for summary judgment but those provisions were not taken over

when the Admiralty Rules were amended in 1939 to adopt certain provisions of the Federal Rules of Civil Procedure.

Motion denied.

So ordered.