**Allen MARKHAM, Plaintiff,**

v.

**F/V BORLAND DRIVE, in rem, Defendant.**

**No. A89–315 Civ.**

United States District Court, D. Alaska.

Dec. 20, 1989.

## ORDER

### (Validity of Local Admiralty Rule 4)

HOLLAND, Chief Judge.

Plaintiff commenced this action with a complaint for seaman's wages and breach of seaman's contract of employment under 28 U.S.C. § 1916. The action is solely one *in rem* against the *F/V Borland Drive.* Plaintiff filed with his complaint a motion for warrant of arrest *without* pre-arrest hearing. In accordance with this court's usual practice, this case and plaintiff's subject motion were referred to the United States Magistrate. The Magistrate has

considered the motion for a warrant of arrest without a pre-hearing, and has served and filed a recommendation that the court relax Local Admiralty Rule 4 with respect to requiring a pre-arrest hearing for purposes of this case only.

The Magistrate's recommendation made provision for the filing of objections by the parties. Although plaintiff in substance prevailed on his motion, he nonetheless takes exception to the recommendation, insisting that the court should now hold the pre-arrest hearing process required by Local Admiralty Rule 4 to be inconsistent with Rules C(3) and E(4)(f) of the Federal Supplemental Rules for Certain Admiralty and Maritime Claims, herein "Supplemental Rules".

The Magistrate's thoughtful analysis of plaintiff's motion for an arrest warrant without a pre-arrest hearing has convinced the court that there is indeed a problem with respect to the viability of Local Admiralty Rule 4(B) and 4(D). The court understands the Magistrate's reluctance to do more than suspend these local rules for purposes of this case. Superficially, such an approach solves plaintiff's immediate problem. However, such a result blunts what the court supposes to be the real purpose of this case—the revision of the court's local admiralty rules, not the adjudication of any rights that the plaintiff may have. While the court is most appreciative of the sensitive fashion in which the Magistrate approached this matter, it feels constrained to pick the matter up and go further.

In the late 1970's and early 1980's, a crisis of sorts developed in the admiralty practice as a consequence of such cases as *Alyeska Pipeline Service Co. v. Vessel Bay Ridge,* 509 F.Supp. 1115 (D. Alaska 1981), *appeal dismissed on other grounds,* 703 F.2d 381 (9th Cir.1983), *cert. dismissed,* 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984). In *Alyeska Pipeline,* this court invalidated Admiralty Rule C for the reason that this rule failed to provide the minimum procedural due process required by *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and *Mitchell v.*

*W.T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974). In *Mitchell,* the United States Supreme Court had held that procedural due process required that there be a pre-seizure judicial review, a prompt post-seizure hearing, and an opportunity to obtain the release of seized items upon the posting of adequate security. *Alyeska Pipeline,* 509 F.Supp. at 1120; *Mitchell,* 416 U.S. at 605–606, 94 S.Ct. at 1899. Local Admiralty Rule 4 was adopted in 1982 in order to provide a constitutional procedure for the arrest of vessels in the District of Alaska.

In its present form, Local Admiralty Rule 4(B) requires that requests for the issuance of a warrant for the arrest of a vessel be reviewed by a judge or magistrate. If the court finds that a valid maritime lien exists and that personal jurisdiction cannot be obtained over the owner or operator of the vessel (or that pre-arrest notice has been waived), the court will issue an order authorizing the issuance of an arrest warrant. On the other hand, if personal jurisdiction can be obtained over the owner or operator, the court is directed by Rule 4(B) to determine if exigent circumstances exist; and the basis for such a determination is spelled out. Only if such circumstances are established, does an arrest warrant issue without notice to the owners or operators of a vessel. If the court does not find exigent circumstances to exist, a pre-arrest hearing is required. Local Admiralty Rule 4(D) sets out the procedure and evidentiary burden on a plaintiff at the pre-arrest hearing. It is the pre-arrest hearing requirement of Local Admiralty Rule 4(B) which is the focus of plaintiff's motion.

Effective August 1, 1985, the United States Supreme Court amended the Supplemental Rules for the express purpose of dealing with the issuance of and proceedings following the arrest of vessels. Supplemental Rules C(3) and E(4)(f).

Supplemental Rule C(3) requires that a plaintiff's verified complaint and supporting papers be "reviewed by the court" for purposes of authorizing a warrant of arrest

in an appropriate case. Rule C(3) further provides:

> If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make review by the court impracticable, the clerk shall issue a summons and warrant for the arrest and the plaintiff shall have the burden on a post-arrest hearing under Rule E(4)(f) to show that exigent circumstances existed.

Supplemental Rule E(4)(f) then spells out the procedure for the release of a vessel from arrest after a "prompt hearing".

The Supplemental Rules are a part of the Federal Rules of Civil Procedure. Rule 83, Federal Rules of Civil Procedure, authorizes the promulgation of local rules by the district court in the following language:

> Each district court by action of a majority of the judges thereof may from time to time ... make and amend rules governing its practice not inconsistent with these rules.[1]

In his motion, plaintiff argues that Local Admiralty Rule 4(B) and (D) should have been rescinded upon promulgation of Supplemental Rules C(3) and E(4)(f). Counsel notes, and the court is very much aware of the fact, that for several years now the court has been looking to an *ad hoc* rules committee made up of local admiralty bar members for guidance on the issue of the rules which are the subject of plaintiff's motion. That committee never produced a recommendation on this subject.

The court takes Rule 83 to mean what it expressly says—namely, that this court is empowered to adopt rules of practice which are "not inconsistent with these rules". The question before the court on the instant motion is thus: "are the provisions of Local Admiralty Rule 4(B) and (D) with respect to prearrest hearings inconsistent with Supplemental Rules C(3) and E(4)(f)?"

The case law under Rule 83 is sparse and not particularly informative as to how the phrase "not inconsistent" is to be interpreted and applied. *Colgrove v. Battin*, 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973), is instructive and explains *Miner v. Atlass*, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462 (1960), an earlier case on the same subject. In *Miner*, the United States Supreme Court held that a district court lacked the power by local rule to fill a gap left in the General Admiralty Rules for discovery depositions in admiralty prior to the 1966 merger of the General Admiralty Rules with the Federal Rules of Civil Procedure. Emphasizing the point set out in *Miner*, the United States Supreme Court explained in *Colgrove:*

> *Amicus* also suggests that *Miner* should be read to hold that all "basic procedural innovations" are beyond local rulemaking power and are exclusively matters for general rulemaking. We need not consider the suggestion because, in any event, we conclude that the requirement of a six-member jury is not a "basic procedural innovation." The "basic procedural innovations" to which *Miner* referred are those aspects of the litigatory process which bear upon the ultimate outcome of the litigation and thus, "though concededly 'procedural,' may be of as great importance to litigants as many a 'substantive' doctrine...." [*Miner,*] 363 U.S. [641], at 650 [80 S.Ct. 1300, at 1305]. Since there has been shown to be "no discernable difference between the results reached by the two different-sized juries," *Williams v. Florida,* [399 U.S. 78 (1970)] at 101 [90 S.Ct. 1893 at 1906, 26 L.Ed.2d 446] (see also n. 15, *supra*), a reduction in the size of the civil jury from 12 to six

---

1. Rule 83 continues with a provision that copies of local rules are to be furnished to the circuit judicial council and the Administrative Office of the United States Courts, in addition to being made available to the public. The process for promulgating local rules was addressed by Congress in 1988 in Title IV of the Judicial Improvements and Access to Justice Act (Pub.L. No. 100–702 (Nov. 19, 1988)). The latter act added a new paragraph (4) to 28 U.S.C. § 332(d), requiring the circuit judicial council to review periodically the local rules promulgated by district courts in the circuit for consistency with the rules of practice and procedure. By the provisions of 28 U.S.C. § 2071(d) (as well as Rule 83), district courts are required to furnish circuit judicial councils and the director of the Administrative Office of the United States Courts with copies of their local rules.

plainly does not bear on the ultimate outcome of the litigation.

*Colgrove,* 413 U.S. at 164 n. 23, 93 S.Ct. at 2456 n. 23.

In *Colgrove,* the District of Montana had adopted a local rule providing that trial juries in civil cases shall consist of six persons. In the face of a contention that the local rule was "inconsistent with" Federal Civil Rule 48, and therefore invalid by reason of Rule 83, the United States Supreme Court upheld the local rule.

Plainly a local rule which contradicts the express requirement of a Federal Rule of Civil Procedure would be "inconsistent" with those rules. In this instance, the local rule does not amount to an outright contradiction of the Supplemental Rules. The local rule is different from the Supplemental Rules. The local rule requires a procedure that is not necessary under the Federal Supplemental Rules.

Plaintiff argues persuasively that the difference between the local rules and the Federal Supplemental Rules is impermissible, and therefore inconsistent, because of some very practical considerations. If the defendant vessel sinks, is privately sold to a third party, or is arrested or made subject to a higher or equal but later lien, the instant claimant's rights may be prejudiced solely because of delay occasioned by the pre-arrest hearing process which the present local rules require, but which the Supplemental Rules do not require.

The Supplemental Rules do not expressly or by necessary implication call for implementing local rules. The Supplemental Rules appear entirely sufficient to serve their purpose without supplementation by additional local rules. The court's earlier adopted local rules having to do with pre-arrest proceedings do not in any material sense serve to carry out the subsequently adopted Supplemental Rules. The procedure under the local rules, while not in direct, overt conflict with the Supplemental Rules, place upon claimants procedural obligations which are beyond what is required by the Supplemental Rules and which may have an impact on the ultimate outcome of the case.

The court concludes that Local Admiralty Rule 4, insofar as the same requires pre-arrest proceedings different from Supplemental Rules C(3) and E(4)(f), is inconsistent with the Supplemental Rules. The court therefore concludes further that this court's pre-arrest hearing procedures must be suspended. Process for the arrest of vessels shall be considered by the court[2] and issued in accordance with Supplemental Rule C, and vessel arrests shall be subject to the release procedures set out in Supplemental Rule E(4)(f).

---

**2.** This holding is not intended to change the court's current practice of referring to the United States Magistrate for consideration those matters arising under the Supplemental Rules which must be determined by a judicial officer rather than the clerk of court.