Joseph W. NOLAN et al., Appellants,

v.

Leo JENSEN et al., Appellees.

No. 7914.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 20, 1959.

Decided Dec. 5, 1959.

Henry E. Howell, Jr., Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on brief), for appellants.

John W. Winston, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., and Bigham, Englar, Jones & Houston, New York City, on brief), for appellees.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and BUTLER, District Judge.

BOREMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Virginia, Norfolk Division, sustaining a motion to quash service of process, sustaining exceptions to the jurisdiction of the court and dismissing the case.

The case, involving a claim for salvage, was tried on the admiralty side of the court. The Federal Rules of Civil Procedure do not apply in proceedings in admiralty. Rule 81(a) (1), 28 U.S.C.A. Procedural matters in admiralty are governed by the Federal Admiralty Rules, and matters not therein covered are governed by the local rules of court not inconsistent with the substantive law of the forum. Washington-Southern Nav. Co. v. Baltimore Co., 1924, 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480.

This court approves and adopts the findings and conclusions of the District Court reported in Nolan v. Jensen, E.D. Va.1959, 171 F.Supp. 351. The court held that appellees' acts, detailed in the court's opinion, did not amount to a general appearance and did not constitute a waiver of their preserved right to appear specially for the express purpose of objecting to the court's jurisdiction.

Appellants, in their brief and argument, indicated great reliance upon the early case of Norfolk Southern R. Co. v. Foreman, 4 Cir., 244 F. 353, decided by this court in 1917, where the strict rule

of the common law as to general appearance was applied. In all fairness, we feel that we should point out what we consider a real distinction between that case and the case at hand.

The Foreman case involved a libel action against the railroad company for the death of one Skinner on board a tug owned by the railroad. The monition was served by the marshal on the secretary of the railroad company by delivering a true copy to him, in person, at the principal office of the railroad in the City of Norfolk. The railroad company appeared specially and moved to quash the service and dismiss the libel and monition on the ground that service had been made on one not authorized to receive service under the laws of the State of Virginia. The District Court heard arguments on the motions to quash service and dismiss, overruled such motions and ordered the railroad company to answer. That company filed its answer without therein expressly reserving its special appearance, and the case proceeded to trial on the merits. Judgment was rendered for the libelant and the railroad appealed, assigning as one ground of error the failure of the District Court to quash the service and dismiss the libel. It was held that the railroad waived the alleged irregularity in the service by filing answer to the merits and by appearing generally and contesting the cause on the merits without further objection to jurisdiction.

Here, as will appear from the opinion of the District Court, appellees were diligently striving at every stage of the proceedings to reserve their special appearance. The only time the special appearance was not reserved was in the notice to take depositions in New York pursuant to the court's order of April 12, 1956, providing that all depositions or other written evidence to be presented should be tendered to the court on or before June 1, 1956, under penalty of forfeiture of the right to later presentation. This possible oversight would not, in our opinion, necessarily constitute a waiver of the otherwise effectively reserved special appearance for two reasons. First, the court *ordered* the depositions to be taken and filed, intending to hear arguments on the appellees' objections to jurisdiction at a later date. Second, even though the special appearance reservation was not made in the notice, proctors for appellees, as a first order of business at the actual taking of the depositions, stated on the record that the depositions were being taken subject to their special appearance already noted. Thereupon, for the first time, proctors for appellants claimed that the special appearance had been waived as a matter of law.

■ Appellees did not solicit, ask or seek to procure any action of any kind on the merits, but rather were pressured and prompted by the court to do every act done by them upon which the appellants' contention of waiver is based. Certainly the parties should be able to rely upon the assurances, strongly implied if not fully expressed by the court, that their compliance with the court's direction would not work a prejudice to their prior carefully preserved position. Just as certain, the court should be able to make such assurances of protection when prompted by the insistence of the opposing party to hasten a determination of all issues, when it was apparent that the issue raised as to jurisdiction could not be speedily determined. We strongly agree with the District Court that the urging and prompting of the court by the appellants to grant an early trial date, possibly for the very purpose of forcing the appellees into a general appearance, is a practice which does not meet with favor. As the judge said, had he been advised of the intention of the appellants to insist that the acts of the appellees constituted a waiver of their special appearance, the trial on the merits should and would have been postponed indefinitely. In effect, appellants urged that the District Court hasten the proceedings, and then sought to use the appellees' compliance with the orders of the court not only to the disadvantage of the appellees but to the embarrassment

of the court. Simple justice demands that such actions be not condoned. Appellees were obligingly attempting to abide by the orders of the court, lulled into a sense of security, and it is the duty of the court below and the duty of this court to see that such assurances, justifiably given, are effectively carried out.

■ The strict rule of the common law was applied in the Foreman case where it was apparent, from the action of the defendant, that there had been a waiver of special appearance. However, such rule should not be applied when appellees' action was taken at the court's insistence with assurances of continued recognition and protection of appellees' right to appear specially to object to jurisdiction.

The decision below will be affirmed.

Affirmed.