Chryssoula GIANNAKOUROS, widow and personal representative of Dimitrios Giannakouros, deceased, et al., Libelants,

v.

ORIENTAL TANKER CORPORATION, S.A., as owner, operators and agents of the S.S. WORLD SKY, and Overseas Tankship, limited, as owners, operators and agents of the S.S. CALTEX LONDON, in personam, Respondents.

No. 8304.

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 27, 1964.

Sidney H. Kelsey, Norfolk, Va., for libelant.

Vandeventer, Black, Meredith & Martin, Norfolk, Va., for respondents.

WALTER E. HOFFMAN, Chief Judge.

The libel herein was filed on July 27, 1962. It alleges that the four deceased seamen were employed by Oriental Tanker Corporation, S. A., a Panamanian corporation, aboard the SS WORLD SKY, flying a Liberian flag, when, on or about July 14, 1960, this vessel was in collision with the SS CALTEX LONDON, alleged to be owned and operated by Overseas Tankship, Limited, in the Persian Gulf and, as a result of said collision, the four seamen were killed. It is further alleged that Overseas Tankship, Limited, is a

corporation organized and existing under the laws of Great Britain. It is contended that the collision resulted from the mutual fault of both vessels.

In an apparent effort to include all possibilities of invoking jurisdiction, libelants claim the benefits of (1) applicable statutes of the United States, (2) Death on the High Seas Act, (3) the laws of the Republic of Liberia, (4) the General Admiralty Law of the United States, (5) all treaties and conventions between the United States and the Republic of Liberia, and (6) if applicable, the Jones Act. In personam process was requested as to the corporate respondents and, as to any assets found within this district, a monition with clause of foreign attachment if and when said assets may be found. Proctors directed that the citation be served upon the Clerk of the State Corporation Commission of Virginia as the alleged statutory agent for the corporate respondents, under the theory that said respondents were doing business or transacting affairs in Virginia. The Clerk of the Commission received the citations on July 31, 1962, and forwarded same by registered mail to the respondent, Oriental Tanker Corporation, S. A., c/o Transoceanic Marine, Inc., 39 East 51st Street, New York 22, New York, and to the respondent, Overseas Tankship, Limited, Caltex House, Knightsbridge Green, London, S.W. 1, England; all as directed by proctors for libelants. The vessels have not been arrested and no assets of either respondent corporation have been found within Virginia.

On August 9, 1962, the two corporate respondents filed motions to quash the service of process. These motions, prepared and signed by proctors, specifically recite that the respondents "appearing specially by proctors, and for no other purpose" move the Court to quash the "purported service of process."

On September 7, 1962, prior to any hearing on the motions to quash, Oriental Tanker Corporation, S. A., filed exceptions to the libel, reading as follows:

"Now comes the respondent, Oriental Tanker Corporation, S. A., by its proctor, and without waiving its motion to quash and vacate service of process, excepts herewith to the libel filed herein on the ground that this respondent was not owner of the S/S WORLD SKY at the times alleged in the libel, said vessel having been sold by Oriental Tanker Corporation, S. A. on December 23, 1959.

"WHEREFORE, it is prayed that the exceptions of the respondent, Oriental Tanker Corporation, S. A., be sustained, that they be dismissed as a party respondent and awarded their taxable costs."

Further proceedings were had on January 7, 1963, at which time proctors argued the motions to quash and exceptions, pursuant to the Court's order of September 18, 1962. Additional evidence and affidavits were necessary to resolve the issues presented and the matter was continued generally for further hearing and submission of documentary evidence.

While we think that the evidence presented on the exceptions resolves itself into a factual issue as to the ownership of the WORLD SKY as of the date of the collision, we do not reach this point unless Oriental Tanker Corporation, S. A., is properly before the Court.

Each respondent has presented affidavits to the effect that it has no business contacts in Virginia, no office therein, no general agent, and no property within Virginia. As to Oriental Tanker Corporation, S. A., no vessel owned by said corporation called at a port in Virginia during the period from January 1, 1958, through January 1, 1962. While this affidavit was executed on January 28, 1963, there is no contention that any vessel owned or operated by Oriental Tanker Corporation, S. A., visited any Virginia port between January 1,

1962, and the time of the execution of the affidavit. In any event, proctor for libelants has not suggested any contrary factual situation. As to Overseas Tankship, Limited—the correct corporate name being Overseas Tankship (U. K.) Limited—one vessel, the SS CALTEX KENYA, called at a port in Virginia during the period between August 1, 1958, and August 1, 1962. On that occasion the vessel arrived at Yorktown, Virginia, on August 14, 1960, and sailed the following day.

Despite the noticeable tendency in decisions to expand the scope of jurisdiction over non-resident persons and corporations, it cannot be seriously contended that either of the respondents has such a minimal contact with Virginia that would permit the maintenance of this action without seriously offending traditional notions of due process and fair play. Moore-McCormack Lines, Inc. v. Bunge Corporation, 4 Cir., 307 F.2d 910, 913. The deceased seamen were citizens of Greece; the collision took place in the Persian Gulf; assuming arguendo that Oriental Tanker Corporation, S. A., owns and operates vessels which may be commonly denominated as flying a "flag of convenience" this does not bring its operations into Virginia; the latter corporation was organized and is existing under the laws of the Republic of Panama; and as to Overseas Tankship (U. K.) Limited, it is a genuine corporation under the laws of Great Britain and the vessel involved in the collision apparently was flying the British flag. The one visit for one day of a vessel owned and operated by Overseas during 1960 is patently insufficient to find that Overseas was engaged in business or transacting affairs in Virginia at the time process was served and, of course, the cause of action did not arise in Virginia.

■ Libelants argue that by filing exceptions to the libel and requesting the allowance of costs, the respondent, Oriental Tanker Corporation, S. A., has waived its right to contest any defect in the service. As early as August 15, 1962 —several weeks prior to filing exceptions —proctor for respondents advised the Court that motions to vacate the purported services of process had been filed and requested a hearing. The Court acknowledged this letter on August 20, 1962, advising proctors that they should notify the Court whether evidence would be presented, as this would affect the time allocated for the hearing. Proctors replied that certain evidence would be required and libelants requested time to propound interrogatories and take depositions. The Court suggested a pre-trial conference and, in the interim, the exceptions were filed by Oriental. At the pre-trial conference the Court, desiring to dispose of all jurisdictional questions at one time, arranged a schedule for preliminary proceedings and entered an order on September 18, 1963. Included in this order was a provision for taking depositions if libelants saw fit to resort to same.

While not squarely in point, the case of Nolan v. Jensen, 4 Cir., 272 F.2d 630, deals generally with the same subject matter. The opinion of the district court in Nolan v. Jensen, 171 F.Supp. 351, 358–359, expresses the views of the trial court on the subject. In these days of crowded court dockets it is imperative that all matters touching upon jurisdiction be disposed of at an early date. We hold that the respondent, Oriental, did not waive its motion to quash the purported service of process by filing exceptions to the libel raising the issue of ownership of the WORLD SKY. Indeed, such an issue could be interlocked with the motion to quash as, if the WORLD SKY had visited Virginia, it would be then pertinent to determine the name of the owner at that time.

An order will be entered sustaining the motions to quash and dismissing the action.

Present order after endorsement by proctors.