338 F.2d 649
 Chryssoula GIANNAKOUROS, Widow and personal representative
of Dimitrios Giannakouros, Deceased; Aspassia Pistolas,
Widow and personal representative of John Pistolas,
Deceased; Paraskevi Daoutos, Widow and personal
representative of Anastassios Daoutos, Deceased; Amalia
Ikonomakis, Widow and personal representative of John
Panaghiotou Ikonomakis, Deceased; and Ralph Rabinowitz,
Administrator of the Estates of Dimitrios Giannakouros, John
Pistolas, Anastassios Daoutos, and John Panaghiotou
Ikonomakis, Deceased, Appellants,
v.
ORIENTAL TANKER CORPORATION, S.A., as owner, operators and
agents of the S.S.WORLD SKY; and Overseas Tankship
Limited, as owners, operators and agents
ofthe S.S. CALTEX LONDON, in
personam, Appellees.
 No. 9591.
 United States Court of Appeals Fourth Circuit.
 Argued Nov. 10, 1964.
Decided Nov. 16, 1964.
 
 Sidney H. Kelsey, Norfolk, Va., for appellants.
 Walter B. Martin, Jr., Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for appellees.
 Before HAYNSWORTH and BRYAN, Circuit Judges, and THOMSEN, District judge.
 PER CURIAM.
 
 
 1
 The S.S. World Sky and the S.S. Caltex London collided in the Persian Gulf. Four Greek seamen, members of the crew of the World Sky, lost their lives when the ship sank after it put to sea following temporary repairs effected in Sudan. Their widows filed these libels in Admiralty in the Eastern District of Virginia, undertaking to effect personal service upon the shipowners by service of process upon the Clerk of Virginia's State Corporation Commission.
 
 
 2
 The Caltex London was owned by Overseas Tankship Limited, an English corporation, while the World Sky was owned by Oriental Tanker Corporation, S.A., a Panamanian corporation. Each corporation moved to quash the service on the ground that it did no business in Virginia and was not present there for the purpose of service of process. Additionally, Oriental filed an exceptive allegation, in which it claimed that it was not the owner of the World Sky at the time of the collision.
 
 
 3
 On appeal from an order quashing the service, it is contended that Oriental's exceptive allegation, expressly made subject to the previous motion to quash and purporting to reserve its rights under that motion, was a general appearance upon the basis of which the Court should exercise its jurisdiction.[1]
 
 
 4
 We agree with the District Court's conclusion[2] that the exceptive allegation was not a waiver of the motion to quash the service and the objections to the exercise of the Court's in personam jurisdiction. The power of an Admiralty court to withdraw from the extremes to which the general appearance rule had been pushed and to find no waiver when there was no intentional abandonment of the jurisdictional objection was upheld after careful consideration in Untersinger v. United States, 8 Cir., 172 F.2d 298. For the reasons persuasively stated there, we agree.
 
 
 5
 This is not a general importation of Rule 12(b) of the Federal Rules of Civil Procedure into Admiralty. Our conclusion is not foreclosed by the Supreme Court's holding in Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, or by anything said in the opinion of this Court in Nolan v. Jensen, 4 Cir., 272 F.2d 630. We are not fashioning an Admiralty rule, but are applying judicially developed principles in an area where no Admiralty rule is applicable. If the Admiralty courts had the power to carry the principle to inordinate lengths, they have the power to confine it within reasonable bounds.
 
 
 6
 Affirmed.
 
 
 
 [1]
 It is also contended that Overseas entered a plea to the merits when, in its motion to quash, it included a statement that the cause of action did not arise in Virginia. The allegation is appropriate to the motion to quash and is clearly not a plea to the merits
 
 
 [2]
 Giannakouros v. Oriental Tanker Corporation, D.C.E.D.Va., 235 F.Supp. 358