**FEDERAL MARITIME COMMISSION,** Appellant,

v.

**ANGLO-CANADIAN SHIPPING COMPANY, Ltd., et al., Appellees.**

No. 19085.

United States Court of Appeals
Ninth Circuit.

July 27, 1964.

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Barbara W. Deutsch, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellant.

Leonard G. James, Robert L. Harmon, F. Conger Fawcett, Graham, James & Rolph, San Francisco, Cal., for appellees.

Before POPE, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge.

The Federal Maritime Commission commenced this action in the district court for enforcement of an administrative order. The order directed twenty-three named common carriers to produce certain papers and communications for inspection and copying by Transmarine Contract Carriers, Inc., in connection with a complaint proceeding pending before the Commission. The district court set aside the Commission's order on the ground that it was issued pursuant to an invalid regulation, and dismissed the petition for enforcement. The Commission appeals.

The sole question presented for our consideration is whether the Commission had authority to promulgate its Rule of Practice 12(k), 46 C.F.R. § 201.211 (Supp.1963), entitled "Discovery and Production of Documents."

The background facts are not in dispute. Pursuant to section 22 of the Shipping Act, 39 Stat. 736 as amended 46 U.S.C. § 821 (1958), Transmarine Contract Carriers, Inc., filed with the Commission a complaint against twenty-three common carriers comprising the Pacific Coast European Conference.[1] The complaint set forth that Transmarine had been engaged in contract carriage of certain commodities between ports on the Pacific coast and European ports. It was further alleged that the named common carriers had combined among themselves and with others to disrupt the contract relationship between Transmarine and the Weyerhaeuser Company, had succeeded in terminating Transmarine's contract to carry wood pulp for Weyerhaeuser, and had driven Transmarine out of the Pacific coast European trade. These activities were alleged to be violations of sections 14 (Third), 15 and 16 (First), of the Shipping Act, 46 U.S.C. §§ 812 (Third), 814 and 815 (First) (1958).

Transmarine sought an investigation and hearing, a declaration that the common carriers had violated the cited sections of the Act, and other appropriate relief. Shortly after filing its complaint, Transmarine moved the Commission for discovery and production of documents. Specifically, the company requested that the twenty-three common carriers be ordered to make available copies of certain communications between the Conference or its members and six named parties including the Commission, and between the Conference and its individual members.

The documents requested related to Transmarine, certain rates of carriage, and Weyerhaeuser Company and Allied Canners and Packers, Inc. The copies were to be made at Transmarine's expense. The motion set forth that the papers sought, in Transmarine's belief, would prove the alleged violations and were in the possession of the common carriers. The motion was made pursuant to the Commission's Rule of Practice 12(k) authorizing hearing examiners, on a showing of relevance and good cause, and upon notice to all parties, to order the production for copying of documents in a party's possession.[2]

The common carriers against which the motions were directed moved to strike the motion for discovery on the ground that there is no express or implied authority for the promulgation of a pre-hearing discovery rule such as Rule 12(k), and therefore the rule is, and any order issued thereunder would be, invalid. The hearing examiner denied the motion to strike and gave the common carriers additional time within which to file specific objections to the scope of the motion. The common carriers filed no such objections and the hearing examiner thereupon granted the motion for discovery.

Specifically, the common carriers were ordered to produce and make available for inspection and copying the requested documents by a named date, the time and place of production to be mutually agreed upon by the parties. Provision was made in this order for the common carriers to resist the disclosure of any

1. Section 22 provides that any person may file a complaint concerning violations of the Shipping Act by common carriers subject to the Act. If the complaint is not satisfied the Commission is directed to investigate the matter " * * * in such manner and by such means, and make such order as it deems proper."

2. Rule 12(k) reads:
"*Discovery and production of documents.* Upon motion of any party showing good cause therefor and upon notice to all other parties, the Board or presiding officer may direct any party to produce and permit the inspection

and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any matter, not privileged, which is relevant to the subject matter involved in the pending proceeding, and which are in his possession, custody or control. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

confidential information concerning the affairs of shippers or consignees, pursuant to section 20 of the Shipping Act, 46 U.S.C. § 819 (1958). Such disputed items were first to be submitted to the hearing examiner for a determination regarding disclosure.

The common carriers thereafter informed Transmarine and the hearing examiner of their intention not to comply with the discovery order. Their position and the order in question were then referred to the Commission. The Commission approved the order and determined to seek its enforcement in the district court. This action for enforcement of the discovery order was then commenced pursuant to section 29 of the Shipping Act, 46 U.S.C. § 828 (1958).

In its petition to the district court the Commission asked that the common carriers be ordered to produce all unprivileged papers specified in the motion for discovery. The common carriers, respondents in the district court proceeding, resisted the petition for enforcement on the same grounds they had advanced before the hearing examiner. In setting aside the Commission order and dismissing the petition the district court expressed the view that the Commission's discovery rule " * * * does more than to merely fill in details within the framework of existing legislation. It adds thereto, and hence is without authority in law." This appeal followed.

As indicated by the quoted observations of the district court, Rule 12(k) was not held to be invalid on the ground that it is an inappropriate means of accomplishing a legitimate objective, or because of any defect in the rule-making proceeding which led to its promulgation. It was held to be invalid on the ground that the Commission was without author-

ity to promulgate any rule relating to the discovery and production of documents.

■ In considering whether this ground for invalidating the rule is well founded, we start with the proposition, not contested here, that the regulations of an agency of the United States must be issued within the powers conferred by Congress. Kirk v. United States, 9 Cir., 270 F.2d 110, 118. If agency regulations go beyond what Congress has authorized, they are void. Utah Power & Light Co. v. United States, 243 U.S. 389, 410, 37 S.Ct. 387, 391, 61 L.Ed. 791; Hawke v. Com'r of Int. Rev., 9 Cir., 109 F.2d 946, 949.

Rule 12(k) was promulgated on March 26, 1958, by the Federal Maritime Board, the predecessor of the Commission. As the Commission concedes, there was not then in effect, nor has there since been enacted, any statute explicitly empowering the Board or Commission to promulgate a rule relating to the discovery and production of documents. But there was then in effect section 204(b) of the Merchant Marine Act of 1936, 49 Stat. 1987 as amended 46 U.S.C. § 1114(b) (1958), providing as follows:

"The Federal Maritime Board and the Secretary of Commerce are authorized to adopt all necessary rules and regulations to carry out the powers, duties, and functions vested in it or him by this chapter."

Section 22 of the Shipping Act, under which this complaint proceeding was brought has been a part of that Act since the original enactment on September 7, 1916. It follows that the powers, duties and functions thereby vested in the Commission's predecessor were among the "powers, duties and functions" referred to in section 204(b), quoted above.[3]

---

3. The Commission asserts that two other statutory sources of authority to promulgate rules were also in effect when Rule 12(k) was promulgated in 1958. One of these, the Commission contends, is certain language of section 22 itself, namely the italicized part of the following sentence: "If the complaint is not satisfied the Board shall, except as otherwise pro-

vided in this act, investigate it *in such manner and by such means*, and make such order *as it deems proper*." The other such statutory source of authority, the Commission argues, is the entire statutory framework under which the agency operates, including the Administrative Procedure Act, 5 U.S.C. § 1001 et seq., from which, the agency asserts, there

The Commission argues, in effect, that Rule 12(k) is "necessary" to carry out the powers, duties and functions vested in it under section 22 and other provisions of the Act, and is not inconsistent with the agency's general powers under the statutory framework under which it functions. Accordingly, the Commission asserts, the rule rests on ample Congressional authority despite the lack of a statute explicitly authorizing regulations of this particular kind.

Assuming without deciding that a rule such as Rule 12(k), permitting inter-private-party discovery and the production of documents, is a useful device in administering section 22 and other provisions of the Act, and is therefore "necessary" in the sense referred to in section 204(b), we nevertheless hold that it is inconsistent with the agency's general powers under the statutory framework under which it functions, and is therefore invalid.

All of the federal regulatory agencies have general rule-making power comparable to that conferred upon the Commission by section 204(b). Yet, as counsel for both parties have informed us, no such agency, except the Commission, has attempted to predicate a discovery rule thereon.

Even the federal courts, generally assumed to have broad inherent powers insofar as procedure is concerned, did not attempt to utilize pretrial procedures in ordinary civil cases until the Federal Rules of Civil Procedure were promulgated in 1937 pursuant to specific Congressional authority.[4] While that Act did not explicitly authorize formulation of pretrial discovery rules, it contained a provision requiring that the proposed rules be returned to Congress for that body's consideration prior to their effectuation.[5]

Especially illuminating is the way the Supreme Court dealt with an attempt by a district court, sitting in admiralty, to invoke discovery procedures prior to the 1961 amendments to the general Rules of Practice in Admiralty and Maritime Cases authorizing such practice.[6] In Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, it appeared that, prior to these amendments to the General Rules, a district court sitting in admiralty promulgated a local rule authorizing the taking of oral depositions for discovery purposes. As authority for this action, the district court relied upon General Rule 44, whereby district courts were authorized to regulate their practice " * * * in such a manner as they deem most expedient for the due administration of justice, provided the same are not inconsistent with these rules." Although the scope of this Rule 44 is generally similar to that of section 204(b) of the Merchant Marine Act, under which the

---

arises the "inherent" power of the Commission to regulate the course of its own proceedings.

We need not examine these assertedly alternative sources of agency authority to promulgate rules, since it is not contended that they provide the Commission with any broader authority than is conferred by section 204(b) of the Merchant Marine Act, quoted above. For the same reason, and for the additional reason that it was not in effect when Rule 12(k) was promulgated, we need not consider the effect to be given section 43 of the Shipping Act, added by the Act of October 3, 1961, 75 Stat. 766, 46 U.S.C. § 841a which reads:

"The Commission shall make such rules and regulations as may be necessary to carry out the provisions of this Act."

4. Act of June 19, 1934, 48 Stat. 1064.

5. Concerning this requirement of the 1934 Act, the Supreme Court said, in Sibbach v. Wilson & Co., Inc., 312 U.S. 1, 15, 61 S.Ct. 422, 427, 85 L.Ed. 479:

"The value of the reservation of the power to examine proposed rules, laws and regulations before they become effective is well understood by Congress. It is frequently, as here, employed to make sure that the action under the delegation squares with the Congressional purpose." (Footnote omitted.)

6. See Admiralty Rules 30A–30E, 28 U.S.C. (Supp., IV 1963), prescribed on April 17, 1961, by the Supreme Court at 368 U.S. 1021, 81 S.Ct., to become effective July 19, 1961.

Commission is authorized to adopt rules, the Supreme Court, in Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, held that it did not empower district courts to adopt a local rule providing for the taking of depositions for discovery purposes.

The court held that such a local rule was inconsistent with the General Rules, not because of any express prohibition in the General Rules, but because the absence of a general discovery rule " \* \* \* must be taken as an advertent declination of the opportunity to institute the discovery-deposition procedure of Civil Rule 26(a) throughout courts of admiralty." (363 U.S. at page 648, 80 S.Ct. at page 1305). The Supreme Court based this conclusion primarily on the particular nature and history of discovery-deposition procedure. While noting that such a practice is concededly "procedural," the court observed that it may be of as great importance to litigants as many a "substantive" doctrine.

■ So, here, it seems fair to say that there inheres in discovery procedure involving the prehearing production and copying of documents, a potential impact upon litigants so much greater than that associated with ordinary procedural rules, that the failure of Congress to affirmatively authorize the same should be taken as a deliberate choice. If this assumption is valid, it necessarily follows that an agency rule, such as Rule 12(k), providing for such a procedure, would be inconsistent with the general statutory authority under which the agency functions.[7]

The Commission points to section 27 of the Shipping Act, 46 U.S.C. § 826 (1958), which empowers the Commission, by means of subpoenas duces tecum, to require the production of materials similar to those requested in the order under review, " \* \* \* at any designated place of hearing."[8] The agency argues that except for its provisions permitting copying, and permitting production at a time and place other than that set for the hearing, Rule 12(k) goes no further than section 27 and therefore cannot be said to be inconsistent with the general statutory framework under which the agency works.

■ The significance and importance of the Commission's Rule 12(k) may not be discounted by pointing to these mechanical differences between procedures under that rule, as compared to interparty subpoena duces tecum procedure under section 27. The right of a private party to obtain, prior to hearing and out of the presence of a hearing officer, the relevant documents of an opposing private party for the sole purpose of examining aud copying them in an effort to narrow and clarify the basic issues, to ascertain facts relevant to those issues, and to learn the existence or whereabouts of other relevant facts, is of the essence of pretrial or prehearing discovery. See Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451. Inter-party subpoenas duces tecum unassociated with discovery, on the other hand, serve only one purpose—that of providing factual proof relevant to an established issue.

But, concerning section 27 relating to supoenas duces tecum, there is a factor of more significance than the differences between it and Rule 12(k), discussed above. The very fact that it was deemed necessary for Congress to enact an explicit statute authorizing subpoenas duces tecum in order for the agency to exercise that power is an indication of a purposeful withholding of the somewhat similar, but far more potent, power to

---

7. While section 204(b) of the Merchant Marine Act, providing the Commission with general rule-making power does not, as in the case of Admiralty Rule 44 involved in Miner v. Atlass, expressly forbid regulations inconsistent with the general authority of the agency, such a limitation is necessarily to be inferred, as conceded by the Commission.

8. The first sentence of section 27 reads:
"For the purpose of investigating alleged violations of this chapter, the Federal Maritime Board may by subpoena compel the attendance of witnesses and the production of books, papers, documents, and other evidence from any place in the United States at any designated place of hearing."

order production of documents for discovery purposes. The Commission's rules (46 C.F.R. §§ 201.131–.133) governing the issuance of non-discovery subpoenas duces tecum are based upon section 27, expressly authorizing that procedure. Rule 12(k) has no comparable explicit statutory foundation.

■ At least three federal agencies other than the Commission appear to have been vested with express statutory authority to authorize prehearing interparty discovery involving the production of documents.[9] In each case, not only does the agency have general rule-making power such as is conferred upon the Commission by section 204(b) of the Merchant Marine Act,[10] but also subpoena power such as is conferred upon the Commission by section 27 of the Shipping Act.[11] This indicates to us that Congress did not intend federal agencies to predicate discovery procedures upon statutes conferring general rule-making or subpoena power.

The judgment is affirmed.

POPE, Circuit Judge (concurring).

My concurrence here is induced in part by my feeling that pre-trial discovery is much less important in administrative proceedings than in cases tried in a district court. In the latter cases, once trial is begun the parties would expect the trial to proceed to a conclusion without interruption, and to make their entire case during that time. But with an administrative hearing before an examiner a common procedure is to take testimony at different sittings, often in different cities, and at more or less widely separated intervals. With its subpoena power the Commission can compel the attendance of witnesses who are, or who represent, adverse parties, and upon their examination the Examiner can readily ascertain what correspondence or other papers are in the possession of the witness. Production of these can be procured for use at subsequent sessions.

I cannot believe that the correspondence sought here cannot be obtained under existing valid procedures.

825h, 825g(b) (Federal Power Commission).

9. 49 U.S.C. §§ 12(4)–12(7) (Interstate Commerce Commission); 49 U.S.C. §§ 1484(e)–1484(h) (Civil Aeronautics Board); 16 U.S.C. §§ 825f(d)–825f(f) (Federal Power Commission).

10. 49 U.S.C. § 17(3) (Interstate Commerce Commission); 49 U.S.C. § 1324(a) (Civil Aeronautics Board); 16 U.S.C. §§

11. 49 U.S.C. §§ 12(1)–12(3) (Interstate Commerce Commission); 49 U.S.C. §§ 1484(a)–1484(d) (Civil Aeronautics Board); 16 U.S.C. §§ 825f(b)–825f(c) (Federal Power Commission).