**UNITED STATES of America,
Plaintiff,**

v.

**Manuel A. SILVA, Defendant.**

**Civ. No. 3425–SD.**

United States District Court
S. D. California.

Aug. 28, 1967.

Edwin L. Miller, Jr., U. S. Atty., John A. Mitchell, Asst. U. S. Atty., San Diego, Cal., for plaintiff.

Driscoll, Harmsen & Carpenter, San Diego, Cal., for defendant.

## OPINION

JAMES M. CARTER, Chief Judge.

NATURE OF THE ACTION:

This is an action in Admiralty in which the United States of America as plaintiff seeks to recover from the defendant, Manuel A. Silva, the sum of $100.00 alleged to be due as a penalty resulting from a violation of Title 46 U.S.C. § 224a.

FACTS:

An agreed statement of facts, executed by counsel for both parties, has been

filed, and the issue remaining is strictly one of law. Both parties have moved for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and there being no disputed question of fact the parties' motions are properly before the court.

ISSUE:

The legal issue before this court is whether or not a regulation (promulgated by the Coast Guard Commandant) requiring a minimum number of licensed crewmen to be aboard certain designated vessels, exceeds the regulation making powers authorized by Congress in Title 46, U.S.C. § 224a.

THE LAW AND ITS APPLICATION:

46 U.S.C. § 224a, in part, reads as follows:

"(4) No person shall be engaged to perform, or shall perform on board any vessel to which this section applies, the duties of master, mate, chief engineer, or assistant engineer unless he holds a license to perform such duties issued in accordance with the provisions of subsection 2 of this section: * * *"

"(5) It shall be unlawful to engage or employ any person or for any person to serve as a master, mate, or engineer on any such vessel who is not licensed by the Coast Guard; and anyone violating this section shall be liable to a penalty of $100 for each offense.

    *    *    *    *    *    *

"(9) The Commandant of the Coast Guard shall establish such regulations as may be necessary to secure the enforcement of the provisions of this section by any officer of the United States authorized to enforce the navigation or inspection laws of the United States."

46 C.F.R. 157.30–10, in part, reads as follows:

"(b) Every vessel, however propelled, 200 gross tons or over and navigating the high seas and subject to the provisions of R.S. 4438a, as amended (46 U.S.C. 224a), shall have officers licens-ed by the Coast Guard. No person shall be engaged to perform or shall perform on board any such vessel, the duties of master, chief engineer, navigating officer in charge of the watch, or engineer officer in charge of the watch unless he holds a valid license issued by the Coast Guard attesting to his qualifications to perform such duties.

"(c) The phrase ' * * * no person shall be engaged to perform, or shall perform on board any vessel to which this section applies, the duties of master, mate, chief engineer, or assistant engineer, unless he holds a license to perform such duties * * *' in subsection (4) of R.S. 4438a, as amended (46 U.S.C. 224a), shall be considered to mean that an uninspected vessel shall be manned as provided in this paragraph;

* * * (2) If an uninspected vessel engages on a voyage of over 12 hours duration, such vessel shall have a master, mate, chief engineer, and assistant engineer and such officers shall be in charge of their respective watches continuously, * * *."

The United States of America as plaintiff contends that the defendant Manuel A. Silva, violated 46 U.S.C. § 224a, and 46 C.F.R. 157.30–10, because his "Vessel sailed short one mate". (See Exhibit A; "Notice of Reported Violation") The purported violation, and thus the plaintiff's action is based solely on the provisions contained in 46 U.S.C. § 224a, and 46 C.F.R. 157.30–10.

THE CONSTRUCTION AND LEGAL EFFECT OF 46 U.S.C. § 224a:

Section 224a of Title 46 U.S.C., sets forth the licensing requirements for all officers on vessels which must be registered, enrolled, and licensed under the laws of the United States. The statute's mandate is basically twofold. First, it subjects a boat owner or agent authorized to employ a crew member to a penalty of $100.00 if he engages or employs an unlicensed person to serve in the capacity of a licensed officer. Second, it subjects

any unlicensed person to a penalty of $100.00 if he serves as a licensed officer on board the vessel. The defendant is not charged with either engaging or employing an unlicensed person to serve in the capacity of a licensed officer. Likewise, the defendant is not charged with serving on the vessel as a licensed officer without possessing the required license. In the present instance there is no violation of section 224a. The statute does not purport to prescribe the manning requirements of any vessel, only the licensing requirements of such officers as shall be aboard.

To the provisions in section 224a that no unlicensed person shall perform (subdivision 4) or be engaged to perform (subdivision 5) the duties of any officer required to be licensed, the statute makes certain exceptions, none of for which the Cathy Lynn qualifies. It may be concluded that the vessel Cathy Lynn and its part owner Manuel A. Silva are subject to all such requirements as section 224a shall impose, but that in the present instance there has been no violation.

## THE CONSTRUCTION AND LEGAL EFFECT OF 46 C.F.R. 157.30–10:

Under subdivision (9) of 46 U.S.C. § 224a, Congress authorized the Commandant of the Coast Guard to "establish such regulations as may be necessary to secure the enforcement of the provisions of this section * * *." Pursuant to this grant of power the Coast Guard Commandant did establish 46 C.F.R. 157.30–10, entitled "Officers for Uninspected Vessels". This regulation defines various expressions left undefined in 46 U.S.C. § 224a, and further construes subsection (4)

> " * * * to mean that an uninspected vessel shall be manned as provided in this paragraph.
>
> * * * (2) If an uninspected vessel engages on a voyage of over 12 hours duration, such vessel shall have a master, mate, chief engineer, and assistant engineer and such officers shall be in charge of their respective watches continuously * * *."

It is the validity of this regulation requiring a minimum crew of four persons on voyages of over 12 hours which is the legal issue in this case. If the regulation promulgated by the Coast Guard Commandant is valid, then the defendant has violated the regulation and the plaintiff's motion for Summary Judgment should be granted. If the regulation is not valid, no violation of law has occurred and the defendant's motion for Summary Judgment should be granted.

## DISCUSSION:

In determining whether a regulation promulgated by a federal agency is valid, it must first be determined whether the regulation conforms with the statutory grant of power extended the appropriate agency. The Ninth Circuit (Judge Hamley) clearly stated the general rule that applies when making such a determination;

> " * * * (T)he regulation of an agency of the United States must be issued within the powers conferred by Congress. * * * If agency regulations go beyond what Congress has authorized, they are void." Federal Maritime Commission v. Anglo-Canadian Shipping Company, Ltd., 9 Cir., 335 F.2d 255, 258.

The Court held that the Federal agency involved exceeded its grant of authority when it established a rule allowing discovery and production of documents as a part of its authorized duties and powers of investigation during hearings concerning violations by common carriers of the Shipping Act (46 U.S.C. sections 821, 826 (1916)).

The reason for such a limitation upon an agency's power to enact regulations is found in Justice Sutherland's opinion in Manhattan General Equipment Co. v. Commissioner of Internal Revenue, 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528.

> "The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to

make law, for no such power can be delegated by Congress, but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity."

The test as to whether a particular regulation exceeds the Congressional grant of authority was announced by Justice Brandeis in Campbell v. Galeno Chemical Co., 281 U.S. 599, 50 S.Ct. 412, 74 L. Ed. 1063:

"The limits of the power to issue regulations are well settled. International R. Co. v. Davidson, 257 U.S. 506, 514, 42 S.Ct. 179, 66 L.Ed. 341 [343]. They may not *extend* a statute or *modify* its provisions." (Emphasis added.)

The dispositive question becomes; Does the regulation in this action (46 C.F.R. 157.30–10) *so* extend or modify the granting statute (46 U.S.C. § 224a) so as to exceed the grant of power and render the regulation invalid and ineffective? We think the answer is yes.

▮ Title 46 U.S.C. § 224a is entitled "Licensing of Officers; Officers' Competency Certificates Convention, 1936". As the title implies, the statute is concerned with the standard of quality and competence of officers. The purpose of the statute is to provide some minimum standard of competence among officers on certain designated types of vessels so as to protect the lives of those engaged in navigation as well as the travelling public and property that may be carried thereon. Section 224a by its express terms permits the Commandant of the Coast Guard to "establish such regulations as may be necessary to secure the enforcement of the provisions of this section. * * *" While it may be reasonably contended that the regulation's minimum licensed crew requirement does in fact provide greater safety for all persons and property aboard the vessel, it does not appear that Congress intended section 224a of Title 46 U.S.C., to establish such requirements. Indeed, Congress

specifically provided for such minimum crew requirements in section 223 of Title 46 U.S.C., entitled "Minimum Number of Officers". Section 223 authorizes the Coast Guard to prescribe the minimum number of licensed deck officers on inspected vessels, and by its terms provides in part:

" * * * (E)very vessel of two hundred gross tons and less than one thousand gross tons, propelled by machinery, shall have two licensed mates."

Although the Cathy Lynn falls within the above category (it has a gross tonnage of 499.79 and is propelled by machinery) it is not subject to any of the statute's requirements because it is expressly exempted in section 223's proviso:

"Provided, That this section shall not apply to *fishing* or whaling vessels, yachts, or motor boats * * *." (Emphasis added.)

That the Cathy Lynn is a fishing vessel is not disputed.

It is significant that Congress has dealt with the particular issue of how many officers certain vessels shall maintain in a separate detailed statute (46 U.S.C. § 223). It is of further significance that Congress specifically exempted fishing vessels from its provisions, and that nowhere within section 223 is there a grant of authority to the Coast Guard Commandant to establish any regulations or rules necessary to its enforcement. That Congress has itself spoken on the subject of a vessel's required minimum crew and specifically exempted fishing vessels therefrom, precludes any attempts by a federal agency to re-establish such requirements in areas presently exempt, under the regulatory powers authorized in another statute (section 224 a). The Coast Guard regulation (46 C. F.R. 157.30–10) in effect takes away that exemption and in so doing has gone beyond the scope of the authority granted in section 224a to establish regulations necessary to the enforcement of that section.

CONCLUSION:

██ The more reasonable construction and interpretation of Title 46 U.S. C., Sections 223 and 224a would render invalid that part of the regulation established by the Coast Guard Commandant (46 C.F.R. 157.30–10(c)) which provides for the manning of vessels with a minimum crew. Not only has Congress already spoken regarding the manning of such vessels, but it has in its judgment further decided to exempt fishing vessels from all such requirements. The "minimum crew" requirements of 46 C.F.R. 157.30–10, subsection C, so modifies and extends the provisions of Title 46 U.S.C. § 224a, as to constitute an unauthorized assumption of power. This the agency cannot do, and any provisions so promulgated must be found to be invalid.

The defendant's motion for summary judgment is granted. Counsel for defendant will prepare, serve and file findings as to the undisputed facts and judgment within the time provided by the local rules.