555 F.2d 1357
 Barbara HARRIS, Barbara Grady, Rose Titsworth, Betty
Phillips, Marion Baker, and Edith Taylor, Individually and
as Members of the Class of Tenants who have been or who are
being displaced from the Pruitt-Igoe Housing Complex, St.
Louis, Missouri, Plaintiffs, Appellants,
v.
James T. LYNN, Individually and in His Official Capacity as
Secretary, Department of Housing and Urban Development,
United States of America, the Department of Housing and
Urban Development, a Federal Agency, Roy Ash, Individually
and in His Official Capacity as Director, Office of
Management and Budget, United States of America, the Office
of Management and Budget, a Federal Agency, John H. Poelker,
Individually and in His Official Capacity as Mayor of the
City of St. Louis, Missouri, the City of St. Louis,
Missouri, a Municipal Corporation, Thomas P. Costello,
Individually and in His Official Capacity as Executive
Director of the St. Louis Housing Authority, Frank E.
Boykin, Clarence Swarm, Thelma Green, Dr. Lawrence E.
Nicholson and Msgr. John E. Shockless, Individually and as
Commissioners of the St. Louis Housing Authority, and the
St. Louis Housing Authority, a Municipal Corporation,
Defendants, Appellees.
 No. 76-1284.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1976.
Decided May 25, 1977.
 
 Louis Gilden, St. Louis, Mo., argued, for plaintiffs, appellants. Names appearing on appendix and briefs are Louis Gilden and Doreen D. Dodson, Walter W. Heiser, Legal Aid Society, St. Louis, Mo., on appendix and on briefs.
 Kathryn A. Oberly, Atty., Dept. of Justice, Washington, D. C., argued, for Department of Justice. Peter R. Taft, Asst. Atty. Gen., Jacques B. Gelin and Kathryn A. Oberly, Washington, D. C.; Barry A. Short, U. S. Atty. and Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., on brief, for Federal appellees.
 Charles W. Kunderer, Associate City Counselor, St. Louis, Mo., argued, for defendants, appellees, City of St. Louis and Mayor. Jack L. Koehr and Charles W. Kunderer, St. Louis, Mo., on brief.
 Joseph P. Sommer, St. Louis, Mo., argued for appellee, St. Louis Housing Authority. Joseph P. Sommer and Edward C. Cody, St. Louis, Mo., on brief.
 Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and HENLEY, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 This case involves a suit for benefits under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq. (hereinafter "the Act") by former tenants of the Pruitt-Igoe project in St. Louis, Missouri. The Department of Housing and Urban Development (HUD) approved the St. Louis Housing Authority's (SLHA) decision to demolish the project and provided modernization funds under the United States Housing Act of 1937, 42 U.S.C. § 1401 et seq. to carry out the demolition. The plaintiffs argued that they were entitled to the full range of relocation benefits authorized by the Act, but the District Court, in a comprehensive and well-reasoned opinion, denied their claims. Harris v. Lynn, 411 F.Supp. 692 (E.D.Mo.1976). We adopt the factual statement and legal reasoning set forth in the District Court's opinion and affirm that decision as to the issues it reaches. Because the plaintiffs raise issues on appeal which were not before the District Court, we will briefly discuss each of these.
 
 
 2
 The plaintiffs claim that they are entitled to relocation benefits under regulations promulgated by HUD to implement the Act. 24 C.F.R. § 42.55. This argument appears to be in support of, rather than separate from, their claim to benefits under the Act's statutory provisions. However, treating it as a separate claim, we conclude that it is without merit. The simple answer to plaintiff's contention is that HUD cannot extend benefits by regulation to a class of persons not included within the authorizing statute. Manhattan G. E. Co. v. Commissioner of Int. Rev., 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528 (1936); Campbell v. Galeno Chemical Co., 281 U.S. 599, 610, 50 S.Ct. 412, 74 L.Ed. 1063 (1930); Massachusetts Medical Society v. United States, 514 F.2d 153 (1st Cir. 1973); Federal Maritime Commission v. Anglo-Canadian Shipping Co., 335 F.2d 255 (9th Cir. 1964). Our affirmance of the District Court's decision denying benefits under the language of the Act precludes recovery under regulations promulgated to implement those same provisions. To the extent the regulations can be read to confer benefits not authorized by the Act's statutory provisions, they are beyond the agencies' delegated powers. However, we do not believe the regulations cited by the plaintiffs expand the scope of the Act. In our view, they properly implement, but do not exceed, the statutory authorizations of 42 U.S.C. §§ 4601(6) and4637.
 
 
 3
 Additionally, the plaintiffs claim that HUD denied them due process and equal protection under the laws through a series of deliberate actions aimed at depriving the tenants of their relocation benefits. In particular, they contend that HUD delayed the release of a draft environmental impact statement (EIS), manipulated the statutory source of funds provided to demolish the project and improperly refused to accept title to the project prior to demolition. In essence, the plaintiffs allege that each of these actions was motivated principally by a decision to avoid the payment of relocation benefits and that this motive is constitutionally impermissible under the due process and equal protection clauses. While we have serious questions about the wisdom of the course of action adopted, we cannot agree with plaintiffs' assessment of the Agency's motivation.
 
 
 4
 The plaintiffs' contention that HUD delayed release of the draft EIS overlooks the fact that the timing and content of the EIS have no legal bearing on the issue of plaintiffs' entitlement to relocation benefits. The plaintiffs' eligibility for assistance, in essence, turned on the resolution of two issues: (1) whether there was an "acquisition" for a program or project of a Federal Agency, and (2) whether the demolition was part of a comprehensive city demonstration program under Title I of the Model Cities Act of 1966. Regardless of HUD's motives with respect to the timing of the draft, we see no way in which the contents of the EIS could have affected the District Court's determination of these issues.
 
 
 5
 The plaintiffs attack HUD's use of modernization monies under the Housing Act of 1937, claiming that HUD chose this source to ensure that the tenants would not be eligible for relocation benefits. Although this may have been a factor in HUD's decision, there is ample evidence to support HUD's claim that the demolition served a bona fide modernization purpose. It is undisputed that the continued operation of the Pruitt-Igoe project severely hampered the SLHA's ability to maintain its other projects. The expense of maintaining the Pruitt-Igoe project would soon have reduced the other projects to the same condition as Pruitt-Igoe. In authorizing the use of modernization funds, HUD was simply viewing the problems of the SLHA in their totality rather than focusing narrowly on the Pruitt-Igoe project. HUD's determination in this respect is entitled to some deference, Thorpe v. Housing Authority v. Durham,393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), and we cannot say that its consideration of the benefits question rendered the overriding purpose, to relieve the SLHA from the financial burden of the Pruitt-Igoe project, unconstitutionally impermissible.
 
 
 6
 The plaintiffs further claim that HUD denied them due process by failing to take title to Pruitt-Igoe when the SLHA allegedly defaulted on its loan arrangement with the federal government. We cannot agree. 42 U.S.C. § 1421a gives HUD considerable discretion in determining both whether a substantial default has occurred and whether to acquire title if it is determined that the local authority has defaulted. United States v. Barrett,315 F.Supp. 941, 950 (N.D.W.Va.1970), aff'd, 442 F.2d 642 (4th Cir. 1971); 42 U.S.C. § 1421(a)(1). HUD's decision in this instance was not, in our view, an abuse of that discretion.
 
 
 7
 The plaintiffs' final contention is that their counsel are entitled to an award of attorney fees for their services in this matter. With some reluctance, we must deny the award. There is no specific statutory authority for awarding attorney fees in litigation of this type, Alyeska Pipeline Serv. v. Wilderness Soc., 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), and we are not persuaded that the interests of justice are so compelling that we need invoke the well-established powers of federal equity courts to award attorney fees. Compare Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939).
 
 
 8
 For the foregoing reasons, we affirm the decision of the District Court.