**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Manuel NEVES, Master of the fishing
vessel CONSTITUTION,
Defendant-Appellee.**

**No. 76–2423.**

United States Court of Appeals,
Ninth Circuit.

Aug. 22, 1978.

John F. Cordes, Atty. (argued), Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Samuel Carpenter (argued), of Driscoll, Harmsen & Carpenter, San Diego, Cal., for defendant-appellee.

Before GOODWIN, WALLACE and HUG, Circuit Judges.

HUG, Circuit Judge:

The United States appeals from a judgment dismissing its claim for $100, the amount of a penalty imposed upon the appellee, Neves, in 1972 by the United States Coast Guard. We reverse.

This is a shipping case involving construction and correlation of two statutes. The facts are stipulated and the case was decided upon cross motions for summary judgment.

Appellee Neves was the managing owner of the CONSTITUTION, a motor-propelled fishing vessel of more than 200 gross tons. The vessel put out to sea and spent 16 days on the high seas in 1972. The only licensed officer aboard was the master and owner, appellee Neves. A crew in excess of five persons, none of whom was licensed as master or mate, was employed by Neves and was on board the vessel for the entire voyage. After the ship's return to port, Neves was charged with violating 46 U.S.C. § 224a, in that he ". . . did employ or engage a person or persons, not licensed by the Coast Guard, to perform duties of mate or navigating officer aboard a documented vessel of over 200 gross tons for a voyage on the high seas". The statutory penalty of $100 was imposed.

Section 224a is a statute which was enacted in order to effectuate the Officers' Competency Certificates Convention of 1936 and provides for a licensing system for certain ship personnel. It also forbids the employment of nonlicensed personnel to perform the functions of those officers on vessels over 200 gross tons (with certain exceptions

not here applicable).[1] The personnel required to have licenses are the master, the mate, the chief engineer and the assistant engineer.

Section 224a provides in part:

(4) No person shall be engaged to perform, or shall perform on board any vessel to which this section applies, the duties of master, mate, chief engineer, or assistant engineer unless he holds a license to perform such duties, . . .

(5) It shall be unlawful to engage or employ any person or for any person to serve as a master, mate, or engineer on any such vessel who is not licensed by the Coast Guard; and anyone violating this section shall be liable to a penalty of $100 for each offense.

■ The functions of a mate can be discerned from the statute in § 224a(3) which provides that "Any license issued . . . to a . . . mate . . . of a vessel to which this section applies shall be deemed to be a certificate of competency for a . . . navigating officer in charge of a watch".[2] Article 2 of the Officers' Competency Certificates Convention defines "navigating officer in charge of a watch" as "any person, other than a pilot, who is for the time being actually in charge of the navigation or maneuvering of a vessel".[3] A mate is therefore an officer who is in charge of the navigation or maneuvering of a vessel when the master relinquishes the watch.

■ The CONSTITUTION was a vessel over 200 tons and was clearly a vessel to which § 224a applied. Neves, as master, was the only person aboard the ship who was licensed. No one was licensed as a mate. It is apparent that during the 16 days on the high seas, having in mind normal sleep requirements, there were, of necessity, times when an unlicensed crew member employed by Neves had to stand watch as mate in charge of the navigation or maneuvering of the CONSTITUTION. There can be no doubt that Neves did employ an unlicensed mate.

■ Neves's defense rested on the contention that § 224a did not apply to his vessel because it was a fishing vessel. Neves argued that § 224a, at subsection (13), contains the following disclaimer:

Nothing contained . . . in this section, shall be deemed . . . to alter, modify or repeal any statute of the United States in effect on October 23, 1939, except as hereinbefore provided.

46 U.S.C. § 224a(13).

Therefore, continued Neves, § 224a left in effect 46 U.S.C. § 223:

The Coast Guard shall make an entry in the certificate of inspection of every ocean and coastwise seagoing merchant vessel of the United States propelled by machinery . . . the minimum number of licensed deck officers required for

1. 46 U.S.C. § 224a(1) provides:

(1) The Officers' Competency Certificates Convention, 1936 (International Labor Organization Draft Convention Numbered 53, "concerning the minimum requirement of professional capacity for masters and officers on board merchant ships"), as ratified by the President on September 1, 1938, with understandings appended, and this section shall apply to all vessels, however propelled, navigating on the high seas, which are registered, enrolled and licensed, or licensed under the laws of the United States, whether permanently, temporarily, or provisionally, including yachts enrolled and licensed, or licensed, with the exception of—

(a) ships of war;

(b) Government vessels, or vessels in the service of a public authority, which are not engaged in trade;

(c) wooden ships of primitive build, such as dhows and junks;

(d) unrigged vessels;

(e) all vessels of less than two hundred gross tons.

2. 46 U.S.C. § 224a(3) provides:

(3) Any license issued (whether before, or on, or after, October 29, 1939,) to a master, mate, chief engineer, or assistant engineer of a vessel to which this section applies shall be deemed to be a certificate of competency for a master or skipper, navigating officer in charge of a watch, chief engineer, or engineer in charge of a watch, respectively.

3. For the text of Article 2 of the Officers' Competency Certificates Convention, 1936, see 83 Cong.Rec. 9032 (1938).

her safe navigation according to the following scale: . . . every vessel of two hundred gross tons, propelled by machinery, shall have two licensed mates . . .

*Provided,* that this section shall not apply to fishing or whaling vessels . ..

Since the CONSTITUTION was a fishing vessel and since § 223 plainly provides that there is no required minimum number of officers for fishing vessels, Neves concluded, it would necessarily violate § 223 to hold him liable under § 224a. He argues that if no licensed mates need have been aboard, no fine can be imposed for permitting an unlicensed man to do a mate's work.

This argument was accepted by the district court. We must disagree with the conclusion of the district court. The purpose of § 223 was to establish minimum requirements for certain vessels to have certain licensed persons on board at all times. Fishing vessels are exempted from this requirement. Thus it is not necessary for a fishing vessel to have these licensed persons on board at all times. The purpose of § 224a is to assure that no unlicensed person serves as master or mate on certain specified vessels, including fishing vessels over 200 gross tons, such as the CONSTITUTION. There is no conflict between the statutes. They can be construed consistently with each other. On a one-day voyage, for example, a vessel's master could follow the guidance of § 223, having only a master and no mate, without violating § 224a. It is only when a second "master" (*i. e.,* a mate) is needed that § 224a becomes operative, such as on a 16-day voyage, where normal sleep requirements of the master assure the necessity of a mate. Section 224a only requires that the master not turn the bridge over to an unlicensed person. It does not require the presence of licensed persons at all times, a mandate that would conflict with § 223.

The district court relies upon *United States v. Silva,* 272 F.Supp. 46 (S.D.Cal. 1967) as authority for its decision. The district court in the *Silva* case held invalid a Coast Guard regulation which required certain vessels, including fishing vessels, to have a licensed master, mate and others on board the vessel engaged in a voyage over 12 hours. The court held that this regulation extended beyond the bounds of statutory authority. It exceeded the requirements of § 223. The court noted that the owner, Silva, was subject to the provisions of § 224a, but he did not violate the provisions of § 224a by merely engaging in a voyage over 12 hours. The *Silva* case, therefore, is clearly distinguishable. It is conceded by all that in a 16-day voyage, some unlicensed crew member employed by Neves would have had to have taken over the bridge. It is this action that violates § 224a.

It is clear that Neves unlawfully employed or engaged an unlicensed person as a mate. He is, therefore, liable for the penalty of $100 under the provisions of 46 U.S.C. § 224a

The judgment is reversed, with instructions that Neves be directed to pay $100, plus interest from August 9, 1972 to date.