633 F.2d 1276
 Ryoichi TAKAZATO; Kanematsu-Gosho (U.S.A.), Inc.,
Plaintiffs-Appellants,
v.
FEDERAL MARITIME COMMISSION; Karl E. Bakke, Individually and
as Chairman of the Federal Maritime Commission; and James K.
Cooper, Individually and as the Federal Maritime
Commission's Investigative Officer, Defendants-Appellees.
 No. 78-2193.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 4, 1979.
Decided Oct. 16, 1980.
Rehearing Denied Dec. 29, 1980.
 
 Richard C. Brautigam, Los Angeles, Cal., argued for plaintiffs-appellants; J. Thomas Rosch, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., on brief.
 John R. F. Cordes, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court For the Northern District of California.
 Before WRIGHT, HUG and SKOPIL, Circuit Judges.
 HUG, Circuit Judge:
 
 
 1
 Kanematsu-Gosho (U.S.A.), Inc., and its former president, Ryoichi Takazato, (collectively, "Kanematsu-Gosho") brought this action to set aside subpoenas issued by the Federal Maritime Commission requiring Kanematsu-Gosho to produce documentary evidence. The Commission counterclaimed for enforcement of the subpoenas. The district court granted summary judgment for the Commission, ordering enforcement of the subpoenas. Kanematsu-Gosho appeals.[1] The district court has stayed its order pending disposition of the appeal. We affirm.
 
 
 2
 * On July 9, 1976, the Commission ordered an investigation entitled "Fact Finding Investigation No. 9-Possible Rebates and Similar Malpractices in the United States Foreign Commerce." The Commission's order states in part:
 
 
 3
 The Federal Maritime Commission has reason to believe that one or more persons engaged in the United States foreign commerce may have obtained, or may have allowed other persons to obtain, transportation of property at less than the rates or charges which would otherwise be applicable, by various unfair means, such as rebates, absorptions, allowances in excess of those set forth in the tariff or other similar practices, in violation of §§ 16, first paragraph, 16, Second, and/or 18(b) of the Shipping Act, 1916 (46 U.S.C. §§ 815 first paragraph, 815 Second, and/or 817(b)).
 
 
 4
 It is the opinion of the Commission that it is essential to conduct an investigation to determine whether there is or has been any such violation of the Shipping Act, 1916, in order that the Commission may properly exercise its regulatory duties to insure protection of the public interest in the proper and effective administration and enforcement of the law.
 
 
 5
 41 Fed.Reg. 30,062 (1976). The original order states that the investigation is a nonadjudicatory proceeding instituted pursuant to section 22 of the Shipping Act, 1916, 46 U.S.C. § 821. The Commission later amended the order to identify section 214(a) of the Merchant Marine Act, 1936, 46 U.S.C. § 1124(a), as additional authority for the investigation. 42 Fed.Reg. 25,915 (1977).
 
 
 6
 Pursuant to Fact Finding Investigation No. 9, the Commission issued subpoenas to several carriers, which are subject to its regulatory jurisdiction, and to certain shippers, which are not subject to regulatory jurisdiction but which conduct business with the carriers. A subpoena duces tecum was issued to Kanematsu-Gosho, a shipper, requesting the production of documents containing information about Kanematsu-Gosho and its oceanborne trade. Kanematsu-Gosho moved to quash the subpoena; the Commission denied the motion. This action to set aside the subpoena followed.
 
 
 7
 Kanematsu-Gosho contends that the Commission has no authority to issue subpoenas in a nonadjudicatory proceeding. The Commission contends that the Shipping Act and the Merchant Marine Act each provide statutory authority for the subpoena issued to Kanematsu-Gosho. We hold that the subpoenas are authorized by the Shipping Act; therefore, we need not address the Commission's contention regarding the Merchant Marine Act.
 
 II
 
 8
 The subpoenas were issued pursuant to a regulation promulgated by the Commission, 46 C.F.R. § 502.286, which expressly provides for the exercise of subpoena power in nonadjudicatory investigations. In addition, the Commission has administratively ruled, in a thorough and persuasive decision, that subpoenas issued in Fact Finding Investigation No. 9 are authorized by the Shipping Act. Zadocorp International, Inc., Order Denying Motion to Quash, Fact Finding Investigation No. 9 (FMC May 12, 1977). The Commission is charged with the administration of the Shipping Act, and its interpretation of that Act is entitled to considerable deference. See Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965); Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944); Baker v. United States, 613 F.2d 224, 226-227 (9th Cir. 1980). Nevertheless, if there are compelling indications that the Commission exceeded its statutory authority in issuing the subpoenas, we must set aside the Commission's statutory interpretation and vacate the district court's order of enforcement. See id. at 227; FMC v. Anglo-Canadian Shipping Co., 335 F.2d 255, 258 (9th Cir. 1964).
 
 
 9
 The Shipping Act expressly authorizes the Commission to issue subpoenas in certain specified circumstances:
 
 
 10
 In all proceedings under section 821 of this title, depositions, written interrogatories, and discovery procedure shall be available under rules and regulations issued by the Federal Maritime Commission, which rules and regulations shall, to the extent practicable, be in conformity with the rules applicable in civil proceedings in the district courts of the United States. In such proceedings, the Commission may by subpoena compel the attendance of witnesses and the production of books, papers, documents, and other evidence, in such manner and to such an extent as the Commission may by rule or regulation require. Attendance of witnesses and the production of books, papers, documents, and other evidence in response to subpoena may be required from any place in the United States at any designated place of hearing ....
 
 
 11
 46 U.S.C. § 826(a) (as amended in 1967).
 
 
 12
 Through the use of the phrase, "In such proceedings," in the second sentence of section 826(a), Congress has authorized the Commission to issue subpoenas in "all proceedings under section 821 of this title," as expressed in the first sentence of the section. Section 821 of title 46 authorizes the Commission to investigate violations of the Shipping Act:
 
 
 13
 Any person may file with the Federal Maritime Commission a sworn complaint setting forth any violation of this chapter by a common carrier by water, or other person subject to this chapter, and asking reparation for the injury, if any, caused thereby. The Commission shall furnish a copy of the complaint to such carrier or other person, who shall, within a reasonable time specified by the Commission, satisfy the complaint or answer it in writing. If the complaint is not satisfied the Commission shall, except as otherwise provided in this chapter, investigate it in such manner and by such means, and make such order as it deems proper ....
 
 
 14
 The Commission, upon its own motion, may in like manner and, except as to orders for the payment of money, with the same powers, investigate any violation of this chapter.
 
 
 15
 We first consider whether this is a proceeding under section 821. No injured person has filed a complaint in Fact Finding Investigation No. 9, and the Commission itself has not formerly alleged any violation of the Shipping Act. The Commission is investigating "possible" violations of the Shipping Act in a nonadjudicatory fact-finding proceeding, for the purpose of determining whether allegations should be filed.
 
 
 16
 Kanematsu-Gosho contends that the Commission, when acting upon its own motion, does not "investigate any violation" of the Shipping Act within the meaning of section 821 until it files formal allegations of a violation, thus triggering adjudicatory proceedings. We disagree.
 
 
 17
 We draw guidance from the Second Circuit's well-reasoned decision in FMC v. Caragher, 364 F.2d 709 (2d Cir. 1966).[2] The Caragher court ordered enforcement of subpoenas issued by the Commission in an investigation on its own motion of common carrier rates that are subject to disapproval pursuant to 46 U.S.C. § 817(b)(5) if found by the Commission to be unreasonably high or low. The court held that the predecessor to the current version of section 826 authorized the Commission to issue subpoenas in conjunction with proceedings commenced pursuant to section 821, a relationship that is clearly expressed in the current language of section 826. See id. at 715. Additionally, the court held that the Commission was investigating a "violation" of the Shipping Act and therefore was proceeding under section 821. The court distinguished between investigations that relate to enforcement of the Act, which could result in adjudicatory hearings, and investigations for the purpose of gathering information for reports to Congress or the President about matters such as relative shipping costs here and abroad. See id. at 713-715.
 
 
 18
 The Caragher court based its ruling partly on practical considerations; it would be anomalous to charge the Commission with the responsibility to disapprove unfair rates without authorizing investigations, including the use of subpoena power, necessary to discharge that responsibility effectively. Id. at 714-15. In addition, the legislative history of the Shipping Act indicates that Congress intended to authorize the Commission to exercise its subpoena powers in conjunction with investigations on its own motion relating to any matter "that might have been made the object of complaint." Id. at 715-717.
 
 
 19
 We adopt the reasoning of Caragher and find that Fact Finding Investigation No. 9 is a proceeding under section 821. This investigation into possible illegal rate practices clearly concerns matters that are within the regulatory jurisdiction of the Commission under section 815 and that could be the object of complaint. Although Fact Finding Investigation No. 9 is not itself an adjudicatory proceeding and will culminate in a report to the Managing Director of the Commission, it was ordered for the purpose of gathering information that could lead to the filing of formal allegations of a violation of the Shipping Act. The investigation is an integral part of a series of steps that, if formal allegations are filed, will culminate in an adjudicatory hearing regarding an alleged violation of the Shipping Act. For these reasons, the investigation is authorized by section 821.
 
 
 20
 Kanematsu-Gosho argues that, even assuming Fact Finding Investigation No. 9 is a proceeding authorized by section 821, the subpoena power under section 826 does not extend to every stage of a section 821 proceeding, but is limited under section 826 to compelling the attendance of witnesses and production of documents at a final adjudicatory hearing on formal allegations of a violation of the Shipping Act. This argument too must fall in light of the language of the statute and other evidence of congressional purpose.
 
 
 21
 Nothing on the face of the statute suggests the limitation on subpoena power proposed by Kanematsu-Gosho. Section 826(a) broadly authorizes the Commission to exercise its subpoena power in proceedings under section 821 "in such manner and to such an extent as the Commission may by rule or regulation require." We have found that Fact Finding Investigation No. 9 is a proceeding authorized by section 821, and the Commission by regulation has provided for the issuance of subpoenas in nonadjudicatory proceedings that precede the filing of formal allegations, 46 C.F.R. § 502.286. Section 826 provides further that a subpoena may require response "at any designated place of hearing." We see no reason to interpret that phrase to refer exclusively to an adjudicatory hearing before a hearing examiner; it is read more sensibly to refer as well to a hearing before an investigative officer, as in this case.
 
 
 22
 Kanematsu-Gosho argues that our decision in FMC v. Anglo-Canadian Shipping Co., 335 F.2d 255 (9th Cir. 1964), requires a holding limiting the subpoena power of the Commission strictly to attendance of witnesses and production of evidence at adjudicatory hearings. In Anglo-Canadian, however, we held that section 826 did not authorize interparty discovery and that the Commission could not promulgate interparty discovery rules absent specific statutory authorization. In that case, we were not considering whether the Commission itself had the power under section 826 to utilize subpoenas for investigations prior to the filing of formal charges of specific violations by specific parties. The 1967 amendment to section 826 was designed in response to the Anglo-Canadian case and provided express statutory authority for prehearing interparty discovery procedures. The legislative history plainly indicates that this legislation was intended neither to enlarge nor constrict the existing subpoena power of the Commission. See S.Rep.No. 472, 90th Cong. 1st Sess. 2 (1967).
 
 
 23
 It would be peculiar for Congress to have permitted private parties to subpoena witnesses and documentary evidence as a part of liberal discovery procedures prior to an actual adjudicatory hearing and yet to deny the Commission the power to subpoena witnesses and documentary evidence as part of an investigation to determine whether formal charges should be filed and an adjudicatory hearing held. The appellant points out that interparty discovery procedures are available only after parties have been named and specific issues framed. Although this is true, it does not answer the question whether Congress intended to restrict the subpoena power of the Commission to those circumstances. It does not necessarily follow that the Commission's subpoena power is thus limited; section 826 on its face authorizes the exercise of the subpoena power in all section 821 proceedings, whether or not adjudicatory in nature. Following the reasoning in FMC v. Caragher, 364 F.2d at 715, in an analogous circumstance, it would be anomalous if Congress placed the responsibility upon the Commission to enforce the Shipping Act and prevent violations, and yet failed to provide the means to conduct an investigation in order to discharge this responsibility.
 
 
 24
 Our interpretation of congressional intent finds confirmation in recent congressional hearings concerning proposed amendments to the Shipping Act in 1978. In recommending amendments to the Shipping Act in 1978, the House Committee on Merchant Marine and Fisheries expressed the view that the Commission's subpoena power extends to nonadjudicatory proceedings. The Committee specifically recognized that Fact Finding Investigation No. 9 was authorized by section 821, and it generally recognized the Commission's authority to issue subpoenas in nonadjudicatory investigations.[3] Although we are not bound by the pronouncements of legislative committees as to the meaning of previously enacted statutes, Dawson v. Myers, 622 F.2d 1304, 1312 (9th Cir. 1980), we may look to such pronouncements for guidance in appropriate circumstances. See id.; Russ v. Wilkins, 624 F.2d 914 at 924 (9th Cir., 1980).
 
 
 25
 Kanematsu-Gosho argues that Congress intended to deny the subpoena powers sought by the Commission in this case when it rejected a proposal to clarify the relevant statutory language. The proposed legislation would have amended section 826 to authorize specifically the exercise of subpoena power in conjunction with investigatory proceedings prior to the issuance of a complaint. See Index to Legislative History of the Steamship Conference Dual Rate Law, S.Doc. No. 100, Committee on Commerce, 87th Cong., 2d Sess. 138 (1962). However, this request for clarifying legislation was not an acknowledgment on the part of the proponents of the amendment that the Commission lacked the subpoena power under the existing statute. Alcoa Steamship Co. v. FMC, 348 F.2d 756, 761 n.31 (D.C. Cir. 1965); see S.Doc. No. 100 at 136; First Annual Report of the Federal Maritime Commission, at 21 (1962). We draw no inferences from Congress's failure to enact it. See Wong Yang Sung v. McGrath, 339 U.S. 33, 47-48, 70 S.Ct. 445, 452-453, 94 L.Ed. 616 (1950).
 
 
 26
 Policy considerations support our conclusion that Congress intended to authorize the Commission to issue subpoenas in aid of nonadjudicatory investigations such as the one in this case. In its administrative ruling upholding subpoenas issued in Fact Finding Investigation No. 9, the Commission states:
 
 
 27
 The Federal Maritime Commission's primary function is to prevent rebating and other forms of unfair competition in the foreign commerce of the United States. . . . (T)he ability to compel testimony in general fact finding investigations is the only realistic means available for the Commission to gain the detailed understanding of the practices proscribed by the Shipping Act. . . .
 
 
 28
 We cannot assume that Congress would entrust this Commission with the responsibility of administering a vital and complex statute and not also provide the reasonable and necessary means for meeting this responsibility. . . . Absent a clear Congressional or constitutional imperative, neither of which are present here, modern administrative law tends to view attempts to differentiate between an administrative agency's mode of proceeding (e.g., the choice between adjudicatory and nonadjudicatory investigations) as little more than quibbling.
 
 
 29
 Zadocorp, supra, at 243-44. We agree with the Commission that, at least in nonadjudicatory investigations to determine whether violations of the Shipping Act may exist, such as in this case, the Commission does have subpoena power.
 
 III
 
 30
 In light of the statutory language, its legislative history, and the purposes sought to be achieved by the Shipping Act, we uphold the Commission's exercise of its subpoena power in Fact Finding Investigation No. 9. The district court's judgment enforcing the subpoenas is AFFIRMED.
 
 
 
 [1]
 This appeal was originally consolidated with another appeal raising similar issues, FMC v. Paper Fibers International, Inc., No. 77-3566. By separate order we have dismissed the other appeal for mootness
 
 
 [2]
 We cited Caragher with approval in Pacific Coast European Conference v. FMC, 537 F.2d 333, 337 (9th Cir. 1976)
 
 
 [3]
 SEC. 5. This section would amend section 22 of the Shipping Act, 1916, to give the FMC additional powers for investigation (of) rebating violations in any adjudicatory proceeding on the record. It does not limit the Commission's existing authority under the section to investigate rebating and other Shipping Act violations in either non-adjudicatory investigations, such as the current Fact Finding Investigation No. 9, or in adjudicatory proceedings instituted by complaint or on the FMC's own motion. However, the sanctions added to section 22 would be limited to those subpoenas and others issued in an adjudicatory proceeding instituted pursuant to this subsection and would not be available to enforce subpoenas issued in adjudicatory or nonadjudicatory investigations instituted under either of the first two paragraphs of section 22
 H.R. Rep. No. 95-922, 95th Cong., 2d Sess. 14 (1978). The proposed amendment, which would have affected certain adjudicatory proceedings only, was killed through pocket veto. 124 Cong. Rec. H13705 (daily ed. Nov. 15, 1978) (presidential veto).